# AMERICAN RAILROAD COMPANY OF PORTO RICO *v.* CASTRO.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 151.   Argued January 14, 1907.—Decided February 25, 1907.

The mere assertion of a Federal right and its denial do not justify this court in assuming jurisdiction where it indubitably appears that the Federal right is frivolous and without color of merit, and this rule applies to cases brought to this court under the act of April 12, 1900, 31 Stat. 85, from the District Court of the United States for Porto Rico.

Under § 34 of the act of April 12, 1900, 31 Stat. 85, regular terms of the United States District Court are to be held at Ponce and San Juan at the time fixed by the act and the same character of terms at Mayaguez at times specially designated by the court. The terms held at Mayaguez are not special terms at which jury cases cannot be tried as distinguished from regular terms, and § 670, Rev. Stat., does not apply to such terms of that court.

JULIO P. CASTRO, defendant in error, was plaintiff in the court below, and the defendant in error, the American Railroad Company, a New York corporation doing business in Porto Rico, was defendant. The action was commenced by the filing of a complaint in the office of the clerk of the court at *Mayaguez*, Porto Rico. Damages in the sum of fifteen thousand dollars were prayed, because of the alleged negligent killing of the daughter of the plaintiff by a train of the company, whilst she, with other persons, were attempting to pass, in a vehicle, over the railroad of the defendant, at a point where it intersected a public highway leading from the town of San German to the town of Mayaguez.

A demurrer to the complaint was filed, and also the following plea to the jurisdiction of the court:

"Defendant, in the above-entitled action, comes now, by its attorney, F. H. Dexter, and objects to the jurisdiction

of this court to try this cause under the terms and provisions of section 670 of the Revised Statutes of the United States, for the reason that all terms of this court held in the city of Mayaguez, under and by the terms and provisions of the act of March 12, 1900, creating a civil government in Porto Rico, and particularly the present term at which the above cause is set for trial, is a special term of this court, and, therefore, this court is without jurisdiction to try the issues in this cause by a jury.

"Wherefore, defendant prays for an order either dismissing this cause or transferring the same for trial at a regular term of this court to be held at either San Juan or Ponce."

After the entry of an order overruling the demurrer and the plea to jurisdiction, an answer was filed and the case was tried by a jury. A verdict was rendered in favor of the plaintiff for the sum of sixteen hundred dollars. The objection to jurisdiction was renewed in a motion to arrest the judgment, and after the overruling thereof a bill of exceptions was settled by the trial judge, containing exceptions taken during the trial to the admission and rejection of evidence and to instructions given and refused. The case was then brought to this court.

Mr. *Frederic D. McKenney*, with whom Mr. *Francis H. Dexter* and Mr. *John Spalding Flannery* were on the brief, for plaintiff in error.

Mr. *Frederic L. Cornwell*, for defendant in error, submitted.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

By the act of April 12, 1900 (31 Stat. L. 85, chap. 191), the general rule governing the right of this court to review by writs of error or appeal final decisions of the District Court of the United States for Porto Rico was made as to amount

to conform to that obtaining as to the Territories of the United States, viz., five thousand dollars. As this case does not involve the requisite jurisdictional amount, it follows that the right of review does not exist unless the case is within the provision of the statute conferring jurisdiction to review in this court "in all cases where . . . an act of Congress is brought in question and the right claimed therein is denied."

It has been settled that where, in the course of litigation pending in the court just referred to, a party asserts a right under an act of Congress, the act "is brought in question," and when the right so claimed is denied the case can be brought here. *Serralles* v. *Esbri*, 200 U. S. 103; *Rodriguez* v. *United States*, 198 U. S. 156; *Crowley* v. *United States*, 194 U. S. 461.

It is undoubted that the plea to the jurisdiction filed and insisted upon below asserted on the record a right under an act of Congress, which right was denied. But in harmony with the rule which governs where a right under the Constitution, etc., of the United States is asserted in a case which is brought to this court from a state court and in accord with the same rule which also governs cases originally brought in a court of the United States (*New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336, and cases cited; *Newburyport Water Co.* v. *Newburyport*, 193 U. S. 561), we are of opinion that the mere assertion of a Federal right and its denial do not justify our assuming jurisdiction where it indubitably appears that the Federal right asserted is frivolous, that is, without color of merit. We think the case at bar is of this character.

As appears in the Revised Statutes it has been the uniform practice of Congress to fix both the time and place for holding sessions of the District and Circuit Courts of the United States, which, for convenience of expression, have been styled the regular terms of court. Rev. Stat. secs. 572, 658. Upon the district judge has also been conferred the power of designating the time and place of holding special terms of the Dis-

trict Court, in which any business might be transacted which might be disposed of at a regular term. Rev. Stat. sec. 581. The asserted application to the District Court of Porto Rico of the provision as to special terms of the Circuit Courts is that upon which was rested the claim of statutory right to exemption from a trial of the cause by a jury at Mayaguez, which was denied by the court below, and forms the basis for the contention that this court must exercise jurisdiction to pass upon the assigned errors. The section reads as follows:

"SEC. 670. At any special term of a Circuit Court in any district in Indiana, Kentucky, Missouri, North Carolina, Virginia and Wisconsin any business may be transacted which might be transacted at any regular term of such court. At any special term of a Circuit Court in any other district it shall be competent for the court to entertain-jurisdiction of and to hear and decide all cases in equity, cases in error or on appeal, issues of law, motions in arrest of judgment, motions for a new trial and all other motions, and to award executions and other final process, and to do and transact all other business and direct all other proceedings in all causes pending in the Circuit Court, except trying any cause by a jury, in the same way and with the same effect as the same might be done at any regular session of said court."

The application of this section, it is contended, results from the concluding words of the following portion of section 34 of the act of April 12, 1900:

"The District Court of the United States for Porto Rico . . . shall have, in addition to the ordinary jurisdiction of District Courts of the United States, jurisdiction of all cases cognizant in the Circuit Courts of the United States, and shall proceed therein in the same manner as a Circuit Court."

Rev. Stat. sec. 670 is to be interpreted in the light of section 669, reading as follows:

"SEC. 669. In the districts not mentioned in the five preceding sections [California, Oregon, Nevada, Kentucky, In-

diaña, Tennessee, North Carolina, Virginia and Wisconsin being the districts mentioned] the presiding judge of any circuit court may appoint special sessions thereof, to be held at the places where the regular sessions are held."

Keeping in mind that the substantially uniform rule stated in Rev. Stat. secs. 664 to 669 requires the holding of special terms of a Circuit Court at the place where the regular sessions are authorized to be held, it follows that a special term of a Circuit Court of the United States, as the expression is employed in Rev. Stat. sec. 670, is a session ordered for the disposal of business, supplementary to a regular term, and to be held at the place fixed by Congress for holding such regular term. When the plain result of the legislation just referred to is noted it is apparent that there is no color whatever for the pretension that Rev. Stat. sec. 670 had any possible application to the term at which this case was tried. That term was held under authority conferred by that portion of section 34 of the act of April 12, 1900, where, referring to the District Court of Porto Rico, it was provided:

"Regular terms of said court shall be held in San Juan, commencing on the second Monday in April and October of each year, and also at Ponce on the second Monday in January of each year, and special terms may be held at Mayaguez at such other times as said judge may deem expedient."

On the face of this provision it is apparent that it was the intention of Congress to authorize the holding of sessions of the court at Mayaguez at times to be *specially* designated by the district judge. It can not be said that the word special in the act was intended to affix to the terms authorized by Congress to be held at Mayaguez the character of special terms, as contradistinguished from regular terms, within the purview of Rev. Stat. sec. 670, without reducing the statute to an absurdity, for unless the act authorized the holding of regular terms at Mayaguez it would be impossible to conceive of the holding of special terms at that place in the sense of Rev. Stat. sec. 670. What the provision in question plainly

meant was that regular terms should be held at Ponce and San Juan at the times fixed by Congress in the statute and that the same character of term might be held at Mayaguez at a' time to be specially designated by the. district judge.

*Dismissed for want of jurisdiction.*