# HAMPTON v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 3. Argued October 29, 30, 1912.—Decided February 24, 1913.

A provision in a state statute that interstate railroads shall furnish cars for interstate shipments which regulates the furnishing of cars is invalid by reason of the Hepburn Act; but if it only means that there shall be no discrimination against interstate shipments, it might not invalidate an act, otherwise valid, as to intrastate shipments.

The fact that an act requiring railroads to furnish cars includes no exceptions is not conclusive of its meaning and intent; and an act cannot be construed as not permitting any exceptions where, as in this case, the state court has held that the penalties are enforceable only in an action at law, and that as such a provision is declaratory of the common law, any reasonable excuse may be interposed.

This court will not entertain a case where the party setting up the unconstitutionality of a statute does not belong to the class for whose sake the constitutional protection is given or to the class primarily affected; nor will it, at the instance of a party not belonging to a class affected, go into an imaginary case on the ground that the law if unconstitutional as to one is so as to all. *Hatch* v. *Reardon*, 204 U. S. 152.

Where there was an agreement of the parties to confine the case wholly to the question of constitutionality of the statute attacked, and complainant does not show that his rights protected under the Constitution have actually been invaded, but the objections suggested are conjectural, the bill should be dismissed; and so *held* as to an action brought to test the constitutionality under the commerce clause of a statute of Arkansas requiring railroads to promptly furnish cars.

162 Fed. Rep. 693, reversed.

THIS bill was filed for the purpose of enjoining the bringing of actions in the state courts, in the name of the State, to recover penalties declared by the Railroad Com-

mission of the State for the violation of a statute requiring railroads to furnish cars upon the application of shippers, and forbidding discrimination between shippers in furnishing such cars.

The facts necessary to be stated are these:

Upon a complaint duly filed, and after a full hearing, the Railroad Commission of the State found that the railroad company had, during every day between September 20th and September 30th, 1907, inclusive, refused to furnish cars upon statutory notice and request of the operators of several coal companies operating along the line of its railroad in the State of Arkansas, and had also, during the same period discriminated in favor of a coal company which it controlled, by furnishing it with an adequate supply of cars, although part of the coal so carried was for sale upon the market. The requests for cars so refused were for shipments from the mines within the State to destinations in the same State, and were not for the purpose of interstate transportation.

The bill charged that the Railroad Commission was about to transmit a transcript of its proceedings to the several state prosecuting attorneys in counties where the railroad was situated, with an order that action should be brought in the name of the State for the enforcement of the penalties as provided by §§ 11 and 18 of an act of the Arkansas Legislature of March 11, 1899 (Act 53, Laws of 1899, pp. 82, 89, 93), being § 6804, Kirby's Digest.

The bill alleges that although engaged in operating a railroad within the State of Arkansas, the company's lines extended into adjacent States, and that it is therefore an interstate carrier subject to the act of Congress of February 4, 1887, and its amendments. It charges that by an act of the legislature of the State of Arkansas passed April 19, 1907 (Act 193, Acts of 1907, p. 453), the Railroad Commission of the State is vested with authority to regulate railroads within the State, in respect to the duty of

furnishing cars to shippers, and that it has under that authority promulgated order No. 346, which follows in phraseology the provisions of § 1 of the act referred to. It is then contended that this act of April 19, 1907, and the order of the commission in pursuance of said first section, constitute an exertion of the power of the State over interstate commerce and as such are invalid. It was averred that if the bringing of the threatened suits was not enjoined complainant would be subjected to a multitude of actions and to a liability for the excessive penalties imposed by the eighteenth section of the act of 1899, being a minimum of not less than $500 for each offense, and a maximum of as much as $3,000.

The bill denied any liability under the act, even if valid, and presented various reasons why it had not supplied the cars requested.

Answer was filed and issue taken upon every material defense set up upon the merits. The cause was heard upon bill and answer, there being no evidence upon the matters of defense touching the merits of the case.

The Circuit Court held the entire act of April 19, 1907, to be null and void as an invalid invasion of the field of interstate commerce, and accordingly enjoined its enforcement and the bringing of the actions which the commission had ordered.

*Mr. Hal L. Norwood*, Attorney General of Arkansas, and *Mr. Maurice M. Cohn* for appellants, submitted:

Although the transportation of cars in interstate hauls constitutes a very large percentage of the railroad business of the country, the furnishing of cars, as contemplated by the act, is still within the state power, even though the matter of directing supply of cars for intrastate traffic may, directly or indirectly, affect interstate transportation.

No matter, however, how extensive interstate traffic

may be as compared with state traffic, Congress cannot legislate upon matters committed to the States, even though the law would tend to become more uniform if this were done. *Employers' Liability Cases*, 207 U. S. 463; *Adair* v. *United States*, 208 U. S. 176, 180; *Railway Company* v. *McKendree*, 203 U. S. 514.

Congress has not undertaken to cover the whole subject of supply of cars.

Appellee is entitled only to raise the question of unconstitutionality of the act of April 19, 1907, so far as that is material to its case. *Gas Illuminating Co.* v. *Lungren*, 152 U. S. 200; *Howard* v. *Stillwell*, 139 U. S. 199; *Telegraph Co.* v. *Hall*, 124 U. S. 444; *Phillips Construction Co.* v. *Seymour*, 91 U. S. 646; *Smith* v. *Cowdry*, 1 How. 28; *The Appollon*, 9 Wheat. 362.

The mere imposition of penalties by a statute does not, of itself, furnish a cause of action to every citizen or corporation which, in time to come, may be affected by it. Penalties in large sums have been upheld where they were justified by the course of conduct of the complaining party. Corporations, especially powerful ones, can only be reached by means of large penalties. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 111; *Armour Packing Co.* v. *United States*, 208 U. S. 274; *Loewe* v. *Lawlor*, 208 U. S. 274; *Seaboard Air Line* v. *Seegers*, 207 U. S. 73; *Chattanooga F. Co.* v. *Atlanta*, 203 U. S. 390; *Marvin* v. *Trout*, 199 U. S. 22; *National Oil Co.* v. *Texas*, 197 U. S. 115; *Railway Co.* v. *May*, 194 U. S. 267; *Addyston Pipe Co.* v. *United States*, 175 U. S. 211; *N. Y. Cent. R. R.* v. *United States*, 212 U. S. 481, 495.

*Ex parte Young*, 209 U. S. 125, does not apply, as in that case there was an oppressive use of state power, amounting to a denial of justice.

The decree and the bills deal with imaginary evils which are made the basis of need for relief. Imaginary evils will not be considered in the determination of causes.

*Commodities Clause Cases*, 213 U. S. 366, 407, 408; *Employers' Liability Cases*, 207 U. S. 463; *Angle* v. *Railroad Co.*, 151 U. S. 1; *Amy* v. *Watertown*, 130 U. S. 301; *Doyle* v. *Insurance Co.*, 94 U. S. 535; *Brewer* v. *Bougher*, 14 Pet. 178; *Fletcher* v. *Peck*, 6 Cr. 87; *Calder* v. *Bull*, 3 Dall. 386.

The interpretation which will sustain an act rather than the contrary will be adopted. *Commodities Clause Cases*, 213 U. S. 366, 407, 408; *Knights Templar Co.* v. *Jarman*, 187 U. S. 197, 205.

The construction put upon the act by the state court will be followed by this court. *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322, 347; *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28; *Henry* v. *Nicholay*, 95 U. S. 619; *Railroad Co.* v. *Adams*, 181 U. S. 580.

The States and their Railroad Commissions may deal with the subject of furnishing cars, even though some or all of the cars to be furnished are destined for interstate transportation. *Houston & Texas Cent. R. R.* v. *Mayes*, 201 U. S. 321; *Mo. Pac. Ry.* v. *Larabee Milling Co.*, 211 U. S. 612.

Even though Congress has the power to deal with the whole subject of interstate commerce, in all of its phases, down to the local supply of cars in all parts of the country, yet there may be state police direction in reference to matters which may eventually be covered by congressional legislation, so long as Congress has not dealt with the matter and the state action may not amount to an undue burden upon interstate commerce. *Brig James Gray* v. *Ship John Fraser*, 21 How. 184; *Railroad Co.* v. *Fuller*, 17 Wall. 560; *Smith* v. *Alabama*, 124 U. S. 465; *Railway Co.* v. *Alabama*, 128 U. S. 96; *Railway Co.* v. *Ohio*, 173 U. S. 285; *Railway Co.* v. *Illinois*, 163 U. S. 142; *Railway Co.* v. *Illinois*, 177 U. S. 514; *Gladsen* v. *Minnesota*, 193 U. S. 53; *Atlantic Coast Line* v. *Wharton*, 207 U. S. 335. See Amer. Law Rev., Sept.–Oct., 1908, 666.

In no point of view was the Circuit Court justified in holding that the act was unconstitutional.

So long as the cars are not loaded they are not so committed to interstate or intrastate commerce that their destination may not be changed; and therefore the States ought to properly deal therewith. *Coe* v. *Errol,* 116 U. S. 517; *American &c. Co.* v. *Speed,* 192 U. S. 500; *Railroad Co.* v. *Mayes,* 201 U. S. 321; *Missouri Pac. Ry. Co.* v. *Larabee Milling Co.,* 211 U. S. 612.

*Mr. Lovick P. Miles,* with whom *Mr. Martin L. Clardy* was on the brief, for appellee:

If the power be conceded to a State to require, under heavy penalties, the furnishing of cars by an interstate carrier for intrastate shipments, then, as between the States served by such common carrier, the State exacting the heaviest penalties will bring to its intrastate shippers an undue proportion of the cars available to such carrier; and likewise, if States are conceded the power to require the furnishing of cars by interstate carriers, under heavy penalties, to intrastate shippers, then, if the penalties imposed by Federal authority for failure to furnish cars for interstate traffic are less than those imposed by the States, the carriers will devote to intrastate traffic an undue proportion of their available cars. Section 3 of Int. Comm. Act. See *Southern Railway Co.* v. *United States,* 222 U. S. 20, holding that all cars of any railroad engaged in interstate commerce were subject to the provisions of the Safety Appliance Act.

The Hepburn Act defines transportation as including cars and other vehicles and all instrumentalities and facilities of shipment or carriage. *Shepard* v. *Nor. Pac. Ry. Co.,* 184 Fed. Rep. 770.

See also *Henderson* v. *New York,* 92 U. S. 259, 268; *Hall* v. *De Cuir,* 95 U. S. 485; *West. Un. Tel. Co.* v. *Pendleton,* 122 U. S. 347; *Wabash &c. Ry. Co.* v. *Illinois,* 118 U. S.

557, 573; *Bowman* v. *Chicago &c. Ry. Co.*, 125 U. S. 465; *Minnesota* v. *Barber*, 136 U. S. 313, 322; *Brimmer* v. *Rebman*, 138 U. S. 78, 81; *Covington Bridge Co.* v. *Kentucky*, 154 U. S. 204; *Houston &c. Ry. Co.* v. *Mayes*, 201 U. S. 321, 327; *Cleveland &c. Ry. Co.* v. *Illinois*, 177 U. S. 514; *Atlantic Coast Line R. R. Co.* v. *Wharton*, 207 U. S. 328, 334; *Galv., Har. &c. Ry. Co.* v. *Texas*, 210 U. S. 217, 227; *West. Un. Tel. Co.* v. *Kansas*, 216 U. S. 1; *Pullman Co.* v. *Kansas*, 216 U. S. 56; *Ludwig* v. *West. Un. Tel. Co.*, 216 U. S. 146, 162.

It is the effect and not the terms or purpose of state regulations of its local commerce that determines whether or not they so substantially burden interstate commerce that they violate the commercial clause of the Constitution. *Shepard* v. *Nor. Pac. Ry. Co.*, *supra.*

MR. JUSTICE LURTON, after making the above statement, delivered the opinion of the court.

The single purpose of this case is to prevent the bringing of actions at law in the name of the State and by order of the State Railroad Commission to recover penalties prescribed by the Arkansas act of March 11, 1899, §§ 11 and 18, for the violation of the provisions of § 11 of the act referred to, and of § 1 of the act of April 19, 1907. The case turned below upon the single question of the constitutionality of the act of April 19, 1907, being an act entitled, "An Act to regulate freight transportation by railroad companies doing business in the State of Arkansas." The only parts of that act here in any way involved are the first paragraph of the first section, and the last clause in the seventeenth section. The paragraph of the first section is the legislative authority under which the Commission finds power to make its order No. 346, concerning the duty of carriers to furnish cars upon the demand of shippers, its said order being in the very words of that paragraph, as follows:

"That when a shipper makes a written application to the station agent of a railroad company for a car or cars, to be loaded with any kind of freight embraced in the tariff of said company, stating in said application the character of freight, and its final destination, the railroad company shall furnish same at the place of shipment within six days from 7 o'clock A. M. the day following such application."

The clause concluding the seventeenth section of the act is in these words:

"Interstate railroads shall furnish cars on application for interstate shipments the same in all respects as other cars to be furnished by intrastate railroads under the provisions of this Act."

The order of the Commission directed the bringing of actions against the defendant in error for the wilful violation of the provisions of § 1, set out above, and also for an illegal discrimination under § 11 of the act of March 11, 1899, referred to above. That section forbids any discrimination or preference in furnishing cars and requires equal facilities to all under like circumstances and conditions.

By agreement of the parties, recited in the decree below, and repeated in the memorandum opinion filed by the Circuit Judge, every question was eliminated from the case except the constitutionality of the act of 1907. The issue for our consideration by this action of the parties is very succinctly stated by Judge Treiber, who presided in the Circuit Court, in these words (p. 694):

"In the argument counsel agreed that the only question necessary for a final determination of this cause is the constitutionality of the act of the General Assembly of the State of Arkansas, No. 193, approved April 19, 1907, entitled, 'An Act to regulate freight transportation by railroad companies doing business in the state of Arkansas,' and, if unconstitutional, that the injunction may be made perpetual."

The court then adds:

"The court holds the act is unconstitutional upon two grounds: 1. By the last sentence of section 17 it is clearly shown that the intention of the Legislature was to apply its provisions to interstate shipments as fully as to intrastate shipments, and there is nothing in the act to indicate that the act would have been passed unless it could thus be made applicable. This is clearly an interference with interstate commerce, and, as this provision cannot be disregarded without defeating one of the main objects of the act, it is unconstitutional. 2. The requirement to furnish the cars is absolute and makes no exceptions for cases of a sudden congestion of traffic, actual inability to furnish cars by reason of their temporary detention in other states or in other places within the same state, none for interference of traffic occasioned by wrecks, accidents, or strikes. *Houston &c. R. R.* v. *Mayes,* 201 U. S. 321 is conclusive.

"For these reasons the temporary injunction heretofore granted will be made perpetual as to proceedings by defendants under the act of April 19, 1907, but the injunction is not to apply to any acts by defendants under any other statutes of the State. Let there be a decree accordingly."

Neither have counsel for appellees in this court presented any question other than that of the unconstitutionality of the act of 1907. We shall, therefore, for the purposes of this case assume that the railroad company did fail and refuse to furnish cars as requested and that it also favored a coal company in which it was interested, and that it rests its defense upon the invalidity of the act of 1907.

The attack upon that act turned upon two propositions.

a. That the clause of the seventeenth section, set out above, manifests an intention that the act shall apply as well to interstate shipments as to intrastate shipments, and that this purpose invalidates the whole act, as there

is nothing to justify the court in saying that the valid parts of the act would have been passed without the invalid parts.

b. That the requirement to furnish cars found in the first section is absolute and that no excuse arising from the detention of the company's cars upon other and connecting lines of railroad in and out of the State, nor for delays due to sudden emergencies, unusual congestion of traffic, catastrophes or other unavoidable and unusual conditions without fault, is a defense against the penalty imposed for failure to supply cars as required.

Coming first to the clause in the seventeenth section which the court below held invalidated the whole act:

That clause probably means no more than that there shall be no discrimination against demands for cars for interstate shipments. If, however, it be construed as extending the act so as to regulate the furnishing of cars for interstate shipments, it would be invalid by reason of the provisions of the Hepburn Amendment to the act to regulate commerce of June 29, 1906: *Chicago, R. I. & P. R. Co.* v. *Hardwick Elevator Co.*, 226 U. S. 426.

The effect of this upon the remainder of the act has not been considered in the briefs of appellee, further than to say that in *Oliver* v. *Chicago, R. I. & P. R. Co.*, 89 Arkansas, 466, decided pending this appeal, the Supreme Court of the State has held the act valid as including an elaborate and workable scheme for the regulation of intrastate railroad traffic, irrespective of the invalidity of the clause referred to. We shall therefore assume the remainder of the act to be valid, although the clause in question be regarded as invalid.

Neither is the requirement of the act as to the duty of furnishing cars absolute, as held by the court below. That the act upon its face includes no exceptions or excuses is not conclusive of its meaning and intent. The case of *Houston & T. C. R. Co.* v. *Mayes*, 201 U. S. 321, is not

controlling. The dereliction there involved was in the failure to furnish cars for an interstate shipment, under a Texas statute which required the carrier to furnish cars upon six days' notice, with a provision that the law should not "apply in cases of strikes or other calamity." This court concluded that the inclusion of a particular exception, excluded all others, and that an absolute requirement that a railroad shall furnish a certain number of cars at a specific day, regardless of every other consideration "except strikes and other public calamities" amounted to a burden upon interstate commerce. The court added (p. 329), "It makes no exception in cases of a sudden congestion of traffic, an actual inability to furnish cars by reason of their temporary and unavoidable detention in other States, or in other places within the same State," etc.

But the penalties imposed by the act here involved are enforceable only in an action at law, and in such an action the Supreme Court of the State has held that such a statutory provision is but declarative of the common law, and that any reasonable excuse for a failure to furnish cars upon the requirement of a shipper, may be interposed. *St. Louis S. W. Railway* v. *Clay County Gin Co.*, 77 Arkansas, 357; *St. Louis S. W. R. Co.* v. *State*, 85 Arkansas, 311; *Oliver* v. *Railroad*, 89 Arkansas, 466, 470. In the case last cited the Arkansas court said of this provision of the act of 1907, that,

"The failure to furnish cars under the terms of the act under investigation will establish *prima facie* a breach of duty on the part of the railroad companies. This will not preclude their right to set up such defense as will excuse or justify the failure. That a fair division of cars with interstate business made it impossible to answer all demands made for cars for intrastate business would apparently be within the limit of proper defenses in cases of demands too unusual to be foreseen; and, viewed in this

way, the act is relieved of the imputation of burdening interstate commerce."

In the case of *Railroad* v. *State,* cited above, the excuse for failure to furnish cars upon the requirement of a shipper was that it was unable to do so because, while its car equipment was ample for all the demands of its traffic, it had, at the time when it made default, lost control of a majority of its cars through the fact that they had been sent beyond its own line in interstate commerce, and it had been unable to secure their prompt return through the inefficiency of the rules and regulations of the American Railway Association, of which it was a member. Although it appeared that ninety per cent. of all the railroad companies in the United States were members of that association and permitted interchange of cars with connecting railroads, and the company was powerless to correct the rules and regulations of that association or supervise their enforcement, the Arkansas court held that the detention of its cars upon other lines of railroad in the course of its interstate business afforded no reason for its failure to supply cars in the particular case under consideration. The case was reversed by this court, 217 U. S. 136, 147; when the court, among other things, said:

"As the penalty, which the court sustained, was enforced solely because of its conclusion as to the inefficiency of the rules and regulations of the American Railway Association, which governed ninety per cent. of the railroads in the United States, the court was evidently not unmindful that the carrier before it was powerless of its own motion to change the rules thus generally prevailing, and therefore was necessarily either compelled to desist from the interchange of cars with connecting carriers for the purpose of the movement of interstate commerce, or to conduct such business with the certainty of being subjected to the penalties which the state statute provided for."

And the court further said (p. 149):

"The ruling of the court below involved necessarily the assertion of power in the State to absolutely forbid the efficacious carrying on of interstate commerce, or, what is equivalent thereto, to cause the right to efficiently conduct such commerce to depend upon the willingness of the company to be subjected to enormous pecuniary penalties as a condition of the exercise of the right."

The cases referred to make it clear that the statutory duty of furnishing cars upon the reasonable notice of a shipper is not absolute, and that the legislature did not intend to impose upon railroad companies the duty of furnishing cars to a particular shipper regardless of its equal duty to other shippers, state and interstate, or to a situation due to some unusual and unavoidable condition which made it unreasonable that it should be penalized for non-compliance; and also that if in the administration of the statute a ruling is made by the state court in respect to an excuse for non-compliance which operates as a restraint upon interstate commerce, a Federal question arises which may be reviewed by this court.

The conclusion we reach is that the railroad company, as the case is presented by the pleadings, the agreement of the parties and the ruling of the court below, is making an effort to test the constitutionality of the act of 1907, without showing that in the operation of the act interstate commerce has been illegally restrained or burdened, or that any defense which it may have for the neglect to comply with the provisions of the act as to furnishing cars has been or will be denied by virtue of its obligation as an interstate railroad. The objections which are suggested in the bill are conjectural and academic. The excuse made by the bill for its refusal to furnish the cars requested and for its illegal discrimination were put in issue by the answer and not proved. In *Hatch* v. *Reardon*, 204 U. S. 152, 160, it is said:

"'That unless the party setting up the unconstitutionality of the state law belongs to the class for whose sake the constitutional protection is given, or the class primarily protected, this court does not listen to his objections, and will not go into imaginary cases, notwithstanding the seeming logic of the position that it must do so, because if for any reason, or as against any class embraced, the law is unconstitutional, it is void as to all. *Supervisors* v. *Stanley,* 105 U. S. 305, 311; *Clark* v. *Kansas City,* 176 U. S. 114, 118; *Lampasas* v. *Bell,* 180 U. S. 276, 283, 284; *Cronin* v. *Adams,* 192 U. S. 108, 114. If the law is valid when confined to the class of the party before the court, it may be more or less of a speculation to inquire what exceptions the state court may read into general words, or how far it may sustain an act that partially fails."

This principle has been applied in many cases, among them: *Turpin* v. *Lemon,* 187 U. S. 51, 60; *The Winnebago,* 205 U. S. 354, 360; *Citizens Bank* v. *Kentucky,* 217 U. S. 443; *Southern Railway* v. *King,* 217 U. S. 524, 534; *Rosenthal* v. *New York,* 226 U. S. 260, 271.

*The result is that the decree must be reversed and the case remanded with direction to dismiss the bill.*