## WILLIAMS et al. v. RILEY, STATE CONTROLLER OF CALIFORNIA.

No. 12.  Argued April 18, 1929.—Decided November 25, 1929.

*Messrs. Edwin C. Ewing* and *W. R. Crawford* submitted for appellants.

*Mr. Frank L. Guerena,* Deputy Attorney General of California, with whom *Mr. U. S. Webb,* Attorney General, was on the brief, for appellee.

Opinion of the Court by Mr. Justice McReynolds, announced by the Chief Justice.

By Acts approved July 11, 1916, Chap. 241, 39 Stat. 355, and Nov. 9, 1921, Chap. 119, 42 Stat. 212, Congress provided for aid to the states in road-making and directed " that all highways constructed or reconstructed

under the provisions of this Act shall be free from tolls of all kinds." California assented to the provisions of these acts and under them received large sums of money from the United States.

By the Motor Vehicle Fuel Tax Statutes, Chap. 267, Act 1923, Chap. 359, Act 1925, and Chaps. 716, 795, Act 1927, the California Legislature defined motor vehicle fuel and directed that all distributors of it should be licensed and pay taxes to the Controller of the State, amounting to three cents per gallon sold, less an allowance of one per centum. These statutes further provide for reimbursing purchasers of fuel not used for operating vehicles upon public highways.

Appellants, along with thousands of other citizens and taxpayers of California, operate motor vehicles along the highways. They have procured, and must hereafter procure, the necessary fuel from licensed distributors at prices enhanced by the amount of the three cent tax.

The original bill, filed in the District Court of the United States August 4, 1928, names as the only defendant the State Controller—the officer charged with the duty of enforcing the Motor Vehicle Fuel Tax Statutes. It proceeds upon the theory that those statutes, under the form of taxing dealers from whom appellants and all other operators of motor vehicles must buy, in effect exact tolls for the use of the highways, also grant certain favors to the distributors, and deprive all such purchasers of their property without due process of law. Therefore, it is said, they conflict with the Fourteenth Amendment, the Federal Highway Acts, and the Constitution of California. The prayer is for a decree declaring their invalidity and for an injunction restraining defendant from attempting to enforce them, etc.

In the court below—three judges sitting—the bill was dismissed, without written opinion.

Appellants may not undertake to test the validity of the questioned acts by a proceeding of this character.

*Frothingham* v. *Mellon, Sec'y of the Treasury,* 262 U. S. 447, 487, 488, announces the applicable doctrine.

"The administration of any statute, likely to produce additional taxation to be imposed upon a vast number of taxpayers, the extent of whose several liability is indefinite and constantly changing, is essentially a matter of public and not of individual concern."

The federal courts have no power *per se* to review and annul acts of state legislatures upon the ground that they conflict with the federal or state constitutions. "That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act."

The decree below is

*Affirmed.*

The CHIEF JUSTICE, MR. JUSTICE VAN DEVANTER and MR. JUSTICE BUTLER are of opinion that the appellants' status is such as entitles them to test the validity of the California statutes in question; that these statutes do not exact tolls for the use of highways within the meaning of the limitation contained in the Federal Highway acts, and are not subject to the other objections urged against them; and that for these reasons the decree below should be affirmed.