45 F.2d 400 (1930)
CENTRAL TRANSFER CO.
v.
COMMERCIAL OIL CO. et al.
No. 8836.
District Court, E. D. Missouri E. D.
April 12, 1930.
*401 H. C. Whitehill, of St. Louis, Mo., for plaintiff.
Stratton Shartell, Atty. Gen. and Alex Meyer and L. Cunningham, Asst. Attys. Gen., for defendants.
Before STONE, Circuit Judge, and FARIS and DAVIS, District Judges.
FARIS, District Judge.
Plaintiff, a Missouri corporation, engaged exclusively in interstate business, for that it hauls and transfers freight from certain railroad freight stations in St. Louis, Mo., to East St. Louis, Ill., brings this action for an injunction against the Attorney General of Missouri, certain local prosecuting officers, and certain state officers (having in charge the collection of, and the enforcement of the executive, civil and criminal provisions of, the so-called Missouri Motor Fuel Law), and the Commercial Oil Company, a corporation of Missouri, and a dealer in gasoline from which plaintiff buys all of the gasoline which it uses in Missouri and elsewhere.
All of the parties, both plaintiff and defendants, are residents, citizens, and inhabitants of the state of Missouri. The alleged jurisdiction here is claimed on the ground that the Missouri Motor Fuel Law (Laws Mo. 1925, p. 282, as amended) is unconstitutional, for that it offends against the commerce clause of the Federal Constitution (article 1, § 8, cl. 3); that it offends against the Fourteenth Amendment and takes the property of plaintiff, or deprives it thereof, without due process of law; that, since such law taxes gasoline only, and does not tax other volatile or inflammable liquids, its effect in taxing plaintiff is to bring about discrimination, which deprives plaintiff of the full and equal protection of the laws; that said law is also discriminatory, in that, since the tax laid is declared to be for building and maintaining a public highway system, it does not lay a tax on users of the public highway system of the state who may use automobiles which are propelled by steam or electricity, and that this fact is in contravention of the Fourteenth Amendment; that the provisions of the law attacked which, under certain conditions, permit a dealer or a distributor of gasoline to pay the tax on amounts of gasoline bought or received, rather than on the amount sold, less 3 per cent., is and constitutes a gift to such dealer, and in effect constitutes a taking of plaintiff's property for the dealer's private use, contrary to the Federal Constitution, including, of course, the Fourteenth Amendment, and that the law in question, by its terms, excludes the use of the proceeds of such gasoline tax, on the streets of cities, and, since plaintiff in its business use such streets exclusively, and does not go, or have occasion to go, on the benefited rural roads, the effect of the law is to take his property without due process of law.
Other allegations are made as to matters and things in said law, and acts done by the officers enforcing it, which violate, as it is alleged, the Federal Constitution. But so clearly does it appear as to such things that plaintiff, neither in its personal nor alleged class capacity as a taxpayer, is so touched or injured thereby, as that it may complain. So we need not use up further space to set these things out here.
Numerous alleged respects in which the law is alleged to offend against the Constitution of Missouri are set out; but, unless the case is firmly and finally lodged in this court by the existence in it of a colorable federal question, no attention need be paid to such local questions.
Defendants move to dismiss the bill of complaint and the cause, substantially, because the bill discloses on its face, under the law, that plaintiff has no cause of action; because plaintiff upon the face of its bill has no standing to maintain this action; and because, absent diversity of citizenship and any real federal question, a federal court has no jurisdiction of the case.
The chief reliance of plaintiff, as it appears from the brief and the oral argument of its solicitors, is that the law in question compels it to pay a tax on gasoline which it buys in Missouri although such gasoline is used in making interstate trips, that is, in interstate business or commerce.
We are constrained to take the view that the contention last above stated is bottomed on an erroneous interpretation of the case of Helson v. Kentucky, 279 U. S. 245, 49 S. Ct. 279, 73 L. Ed. 683. It is, in our opinion, too clear for successful dispute that the Helson Case, supra, lends no comfort to plaintiff. In that case the plaintiff, as here, was engaged in interstate commerce. But it purchased all of the gasoline therein involved in the state of Illinois although it used 75 per cent. of such gasoline in the state of Kentucky. The latter state sought to tax such use under a local statute so providing. It was held in the Helson Case that a tax in a given state, upon the use in interstate commerce partly in such state, of gasoline purchased *402 in another state, constituted a burden on interstate commerce, and so the taxing statute to that extent was held to be invalid. Here in the case at bar the gasoline was purchased in Missouri, and under the law attacked was subject to an excise tax payable by the dealer in Missouri. If Missouri had sought to tax gasoline purchased in Illinois, but used in interstate commerce through or into Missouri, the situation would have been wholly similar to that in the Helson Case, and obviously, we think, such a tax would have been invalid on clear principle.
But we know of no case which holds, ceteris paribus, that a state may not put an excise tax on a commodity of trade or commerce when such commodity has finally come to rest in such state; and this is so even though the purchaser may intend to use, and does use, the commodity in making interstate trips, or in interstate commerce. Superior Oil Co. v. Mississippi, 280 U. S. 390, 50 S. Ct. 169, 74 L. Ed. 504. In fact, as we read the Helson Case, supra, the situation last forecast and herein present is therein excepted in terms by the Supreme Court, for it says: "While a state has power to tax property having a situs within its limits, whether employed in interstate commerce or not, it cannot interfere with interstate commerce, through the imposition of a tax which is, in effect, a tax for the privilege of transacting such commerce." Helson v. Kentucky, 279 U. S. loc. cit. 249, 49 S. Ct. 279, 280, 73 L. Ed. 683.
Even aside from this decision of the Supreme Court, by which, as an inferior court, this court is bound and concluded, any other view would result in such a multitude of impracticabilities as would render a state excise tax on motor fuel oils well nigh unenforceable. For, if the law were otherwise, any traveler on an interstate journey on either pleasure or business could insist, when buying such oils locally, on exemption from the tax either in toto or pro rata; in toto, in fact, if plaintiff's contention here be allowed with all its thorough going implications.
Clearly, therefore, there is no substance in plaintiff's contention that the tax imposed levies a burden on interstate commerce, and such contention must be placed in the category of things which are in law denominated frivolous.
As forecast, plaintiff is neither a dealer in, nor a distributor of, gasoline, and each and every party to this record is a citizen, resident, and inhabitant of the state of Missouri. Since plaintiff is a consumer and not a dealer, may it be heard to raise the constitutional validity of the statute in question? The settled general rule in such situation is thus stated by the Supreme Court of the United States: "The party who invokes the power [inherent in a court, when properly invoked, to declare a statute unconstitutional] must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Massachusetts v. Mellon, 262 U. S. loc. cit. 488, 43 S. Ct. 597, 601, 67 L. Ed. 1078.
The rule of law announced in the abovequoted excerpt was very recently applied by the Supreme Court of the United States in a similar case wherein the concrete facts, as the court states them, were that "appellants, along with thousands of other citizens and taxpayers of California, operate motor vehicles along the highways. They have procured and must hereafter procure the necessary fuel from licensed distributors at prices enhanced by the amount of the three-cent tax." Williams v. Riley, 280 U. S. loc. cit. 79, 50 S. Ct. 63, 74 L. Ed. 175. The law attacked in the case at bar is, in respect of the entity against which the excise is laid and its situation and relation to the subject-matter, similar in final analysis to that statute up for judgment in the Williams Case, supra. In other words, the party who there attempted to raise the alleged constitutional invalidity of the California law was, as here, a consumer and not a distributor or a dealer; and there as here the tax was directly laid upon the distributor and the dealer, and not upon the consumer. It is not enough, as the Mellon Case, supra, clearly holds, that one "suffers in some indefinite way in common with people generally," but a justiciable issue is presented only as a "justification for some direct injury suffered or threatened." Williams v. Riley, 280 U. S. loc. cit. 80, 50 S. Ct. 63, 64, 74 L. Ed. 175.
Here in the instant case, as already said, the tax is laid against distributors and dealers only. It is a matter of no legal importance, so far as concerns the matter presently in hand, whether or not the distributors and dealers pass the tax on to the consumer. It may be conceded, as a matter known of all men, that those against whom the tax is directly laid do ordinarily pass it on to the consumer. But this is a matter, not of law, but *403 of business practice. True it is that the Missouri Motor Fuel Law, in section 30 thereof (as added by Laws Mo. 1927, p. 306, § 2), requires a notice to be posted by a distributor segregating the price of the gasoline from the amount of the tax. But this does not preclude the dealer from selling gasoline at any price he may see fit. In effect, such a notice merely informs the purchasing public that the dealer is paying a tax of two cents on each gallon of gasoline sold. Such provision and such notice cannot be construed as shifting the tax from the distributor to the consumer, in the teeth of this statute, which in section 4 thereof (Laws Mo. 1925, p. 284) says: "Every dealer shall for the year 1925, and each year thereafter, when engaged in such business in this state, pay to the state treasurer an amount equal to two (2c) cents for each gallon of motor vehicle fuels sold or distributed by such dealer in this state during such year." Of course, under the facts here, we are not called on to deal with or consider the situation provided for by section 25 of the act (as added by Laws Mo. 1925, p. 258, § 2). The latter section provided against a contingency not at all pleaded or involved here.
It is so plain, when the facts pleaded in the bill of complaint are considered in the light of the cases of Helson v. Kentucky, 279 U. S. 245, 49 S. Ct. 279, 73 L. Ed. 683; Massachusetts v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. Ed. 1078, and Williams v. Riley, 280 U. S. 78, 50 S. Ct. 63, 74 L. Ed. 175, that plaintiff's contentions do not rise to the stature of colorable federal questions, as that we need not at length consider alleged invalidities bottomed upon the Constitution of Missouri. These matters we should leave to the state courts. While a federal court, when a federal question is actually involved, may assume jurisdiction of a case as here, wholly between citizens, residents, and inhabitants of the same state, and may, having properly assumed such jurisdiction, even rule a case solely on the local law and Constitution (Osborn v. Bank, 9 Wheat, 823, 6 L. Ed. 204; Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; New Orleans, etc., Ry. Co. v. Mississippi, 102 U. S. loc. cit. 141, 26 L. Ed. 96; Southern, etc., Ry. Co. v. California, 118 U. S. 109, 6 S. Ct. 993, 30 L. Ed. 103), we do not deem it our duty to do this, unless the federal questions raised, or some of them, are colorable, as we find those here raised are not.
Moreover, there is another reason, which, while resting in the twilight zone of that above discussed, yet goes a little farther. It is settled by a cloud of cases that, even if a federal question of the requisite jurisdictional sort and stature would otherwise exist, it must further appear, in order to confer jurisdiction on a federal court in an action wholly between citizens of the same state, that he who raises such question is personally and directly affected by the provisions of the law sought to be declared invalid. It cannot be raised for altruistic motives; it cannot even be raised as a concomitant of official duty. Lampasas v. Bell, 180 U. S. 276, 21 S. Ct. 368, 45 L. Ed. 527; Marshall v. Dye, 231 U. S. 251, 34 S. Ct. 92, 58 L. Ed. 206; Hampton v. Railway, 227 U. S. 456, 33 S. Ct. 263, 57 L. Ed. 596; Braxton County Court v. West Virginia, 208 U. S. 192, 28 S. Ct. 275, 52 L. Ed. 450; Western Union Telegraph Co. v. Railroad, 179 U. S. 239, 20 S. Ct. 867, 44 L. Ed. 1052; American Railroad Co. v. Castro, 204 U. S., 453, 27 S. Ct. 466, 51 L. Ed. 564; Defiance Water Co. v. Defiance, 191 U. S. 184, 24 S. Ct. 63, 48 L. Ed. 140; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; Memphis v. Telephone Co., 218 U. S. 624, 31 S. Ct. 115, 54 L. Ed. 1185. The above cases make it clear, we think, that the question of personal hurt vel non has a vital bearing, both on the point touching who may raise a constitutional question as well as the point  now presently under discussion  of fixing jurisdiction in a federal court in such wise as to make it the duty of the court to hear and rule on matters bottomed wholly on a state law or a state Constitution.
The pleaded facts, we repeat, when examined in the light of the law as reflected by the cases of Helson v. Kentucky, supra, and Williams v. Riley, supra, disclose that plaintiff has neither sustained, nor is it immediately in danger of sustaining, any direct injury from the enforcement of the law attacked. So it follows as a corollary from what has been said, and from the case of Lampasas v. Bell, supra, and others which we cite, that, if plaintiff cannot be heard to raise constitutional questions, it may not, by the same token, be permitted to predicate federal jurisdiction on them in such wise as to compel this court to examine, consider, and rule the case on matters of urged invalidity arising from alleged transgressions of the Constitution of Missouri. And so, we repeat, we leave such local questions to the proper Missouri courts.
It follows that the motion to dismiss the bill should be sustained and the case dismissed *404 for want of jurisdiction. Let an order be entered accordingly, and for costs, to be taxed against plaintiff.