**Dr. Richard GRISE and Dr. Richard McCloy, Plaintiffs,**

v.

**Bert COMBS, Governor, Wilson W. Wyatt, Lieutenant Governor, John B. Breckinridge, Attorney General, Robert R. Martin, Commissioner of Finance, William E. Scent, Commissioner of Revenue, Thelma L. Stovall, State Treasurer, and Arthur Y. Lloyd, Adjutant General, on relation to Commonwealth of Kentucky, Defendants.**

**No. 181.**

United States District Court
E. D. Kentucky,
Frankfort Division.
April 25, 1960.

706

Paul R. Huddleston, Bowling Green, Ky., for plaintiffs.

John B. Breckinridge, Atty. Gen., Commonwealth of Kentucky, Seth T. Boaz, Jr., and Edward L. Fossett, Asst. Attys. Gen., for defendants.

Before CECIL, Circuit Judge, FORD, Chief Judge, and SWINFORD, District Judge.

SWINFORD, District Judge.

In this action the plaintiffs ask a declaration of their rights under House Bill No. 85, as amended, enacted by the General Assembly of the Commonwealth of Kentucky in regular session in 1960 and finally approved by the Governor of the Commonwealth of Kentucky on the 20th day of February, 1960, known as the Kentucky Bonus Act. They further seek to enjoin the defendants, duly qualified and acting officers of the Commonwealth of Kentucky, from enforcing or effecting the provisions of the Act.

It is alleged that the Act is unconstitutional under Article I, Section VIII, and under Amendment XIV, Section I, of the Constitution of the United States. It is further alleged that there is an actual controversy concerning the constitutionality of the Act.

The case was heard before and submitted to a district court of three judges. 28 U.S.C.A. §§ 2281, 2284.

The District Court of the United States is a court of limited jurisdiction. It has no authority beyond that specifically granted by the statutes. It is the duty of litigants to make clear the basis of jurisdiction over the action. It is the duty of the court to satisfy itself that jurisdiction exists. If jurisdiction is not present, the court must not proceed with the determination of the merits of the controversy. The authority of the court to proceed to an adjudication is limited by the source of that authority, that is, the Constitution of the United States. It must be shown from the record of the plaintiff's case that there is presented for determination an existing dispute as to present legal rights. Whenever it appears that the court lacks jurisdiction of the subject matter, the action must be dismissed. Rule 12(h)(2), Rules of Civil Procedure, 28 U.S. C.A.; Emmons v. Smitt, 6 Cir., 149 F.2d 869; Stewart v. United States, 7 Cir., 199 F.2d 517.

The record before us discloses that the plaintiffs are attempting to have the court declare the Kentucky Bonus Act repugnant to the provisions of the Constitution of the United States, principally on the ground that the Congress, under exclusive power to enact laws relating to veterans' benefits, has pre-empted the field, and that at some future date they may be required to pay a tax to sustain the alleged purposes of the Kentucky statute. Their claim is not an actual present justiciable controversy within the meaning of the law. "One who would strike down a state statute as obnoxious to the Federal Constitution must show that the alleged unconstitutional feature injures him." Premier-Pabst Co. v. Grosscup, 298 U.S. 226, 56 S.Ct. 754, 755, 80 L.Ed. 1155.

"The federal courts have no power *per se* to review and annul acts of state Legislatures upon the ground that they conflict with the federal or state constitutions. 'That question may be considered only when the justification for some direct injury suffered or threatened presenting a justiciable issue, is made to rest upon such an act.'" Williams v. Riley, 280 U.S. 78, 50 S.Ct. 63, 64, 74 L. Ed. 175; Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L. Ed. 246; Carrigan v. California State Legislature, 9 Cir., 263 F.2d 560.

There must be actual interference. A prospective or hypothetical threat is not sufficient. There must be no speculation that the plaintiffs' rights may at some future date become involved. Definite rights must appear at stake on the part of the plaintiffs and definite prejudicial interferences upon the part of the defendants. The federal courts, established by statutes implementing the provisions of Article III of the Constitution, cannot render advisory opinions. Concrete issues, not abstractions, must appear on the face of the record. Threat of possible interference does not make a justiciable case or controversy. United Public Workers of America (CIO) v.

Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L. Ed. 754; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

In Doremus v. Board of Education, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475, the court held that the interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect to justify the court in exercising its preventive powers over the manner of expenditure. The court pointed out that the application of the rule is equally true when a state act is assailed.

The Declaratory Judgment Act of 1934, now 28 U.S.C. § 2201, provides that in cases of *actual controversy* a competent court may declare the rights and other legal relations of a party. It does not change the essential requisites for the exercise of judicial power nor extend to the determination of abstract questions. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617. "Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 472, 80 L.Ed. 688; State of Arizona v. State of California, 283 U.S. 423, 462, 51 S.Ct. 522, 75 L.Ed. 1154.

This question was comprehensively discussed by Mr. Chief Justice Hughes in writing the opinion in Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, supra. The applicable rules of law were succinctly stated and the definitions of words and terms were set forth. The opinion stated that a controversy in the constitutional sense and in the sense of the Declaratory Judgment Act must be justiciable. It must be substantial and admit of specific relief by a conclusive judgment as distinguished from an advisory opinion on what the law would be upon a hypothetical statement of facts.

The court is of the opinion that it has no authority to take jurisdiction in this case. The motion of the defendants to dismiss the complaint is sustained. An order to that effect is this day entered.