## WHELESS v. MELLON, Secretary of the Treasury, et al.

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided January 4, 1926.)

### No. 4266.

United States ⊂⊃91¾, New, vol. 18A Key-No. Series—Taxpayer's suit to enjoin enforcement of act providing for adjusted compensation for war veterans held not maintainable.

Suit by taxpayer to restrain enforcement of Act May 19, 1924 (Comp. St. Supp. 1925, § 9127—1 et seq.), providing for adjusted compensation for veterans of the World War, *held* not maintainable, in absence of direct injury other than that suffered in common with people generally.

Appeal from the Supreme Court of the District of Columbia.

Suit by Joseph Wheless against Andrew W. Mellon, Secretary of the Treasury of the United States, and others. From a decree of dismissal, complainant appeals. Affirmed.

Joseph Wheless, of New York City, in pro. per.

Peyton Gordon, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The complainant, Joseph Wheless, brought this suit in the lower court against the Secretary of the Treasury, the Secretary of War, the Secretary of the Navy, and the Director of the United States Veterans' Bureau, praying for an injunction to restrain these officials and those serving under them from executing or carrying out the provisions of the Act of Congress of May 19, 1924, entitled "An act to provide adjusted compensation for veterans of the World War, and for other purposes" (43 Stat. 121 [Comp. St. Supp. 1925, § 9127—1 et seq.]), and from doing or performing any of the duties imposed upon them by that act or complying with the requirements thereof. The grounds alleged for this relief are that the act is unjust, illegal, and unreasonable class legislation, and is unconstitutional, null, and void.

The complainant alleges that he is a citizen of the United States, residing in the state of New York, and pays income taxes and other federal taxes there; that he is a veteran of the World War, honorably discharged from service; and that "he brings this action for himself and on behalf of all other persons qualifying as entitled to sue, who may join in this action and share in the expenses of the same."

A motion was filed by the defendants to dismiss the bill, upon the grounds, among others, that it failed to show that the complainant "has such an interest in the subject-matter of this suit as would entitle him to maintain the same." The lower court sustained this motion, and dismissed the bill. The complainant appealed.

We agree with the ruling of the lower court. The right of the complainant to bring this suit is based solely upon the claim that because of the act he will suffer injury as a citizen and taxpayer, in common with all other citizens and taxpayers similarly situated, and that he should have "the right possessed by every citizen to require that the government be administered according to law and that the public moneys be not wasted."

But in Massachusetts v. Mellon, Secretary of the Treasury, and Frothingham v. Mellon, Secretary of the Treasury, 262 U. S. 447, 486, 43 S. Ct. 597, 67 L. Ed. 1078, it was held by the Supreme Court of the United States that a suit by an individual, as a past and future federal taxpayer, to restrain the enforcement of an act of Congress authorizing appropriations of public money, upon the ground that the act is invalid, cannot be entertained in equity, and that, to invoke the judicial power to disregard a statute as unconstitutional, the party who assails it must show, not only that the statute is invalid, but that he has sustained, or is immediately in danger of sustaining, some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally. Mr. Justice Sutherland, speaking for the court in that case, said:

"The right of a taxpayer to enjoin the execution of a federal appropriation act, on the ground that it is invalid and will result in taxation for illegal purposes, has never been passed upon by this court. In cases where it was presented, the question has either been allowed to pass sub silentio or the determination of it expressly withheld. Millard v. Roberts, 202 U. S. 429, 438 [26 S. Ct. 674, 50 L. Ed. 1090]; Wilson v. Shaw, 204 U. S. 24, 31 [27 S. Ct. 233, 51 L. Ed. 351]; Bradfield v. Roberts, 175 U. S. 291, 295 [20 S. Ct. 121, 44 L. Ed. 168]. The case last cited came here from the Court of Appeals of the District of Columbia, and that court sustained the right of the plaintiff to sue by treating the case as one directed against the District of Columbia, and therefore subject to the rule, frequently stated by this court, that resident taxpayers may sue to enjoin an illegal use of the moneys of a municipal corporation. Roberts v. Bradfield, 12 App. D. C. 453, 459, 460. The interest of a taxpayer of a municipality in the application of its moneys is direct and immediate and the remedy by injunction to prevent their misuse is not inappropriate. It is upheld by a large number of state cases and is the rule of this court. Crampton v. Zabriskie, 101 U. S. 601, 609 [25 L. Ed. 1070]. Nevertheless, there are decisions to the contrary. See, for example, Miller v. Grandy, 13 Mich. 540, 550. The reasons which support the extension of the equitable remedy to a single taxpayer in such cases are based upon the peculiar relation of the corporate taxpayer to the corporation, which is not without some resemblance to that subsisting between stockholder and private corporation. 4 Dillon, Municipal Corporations (5th Ed.) § 1580 et seq. But the relation of a taxpayer of the United

States to the federal government is very different. His interest in the moneys of the Treasury—partly realized from taxation and partly from other sources—is shared with millions of others, is comparatively minute and indeterminable, and the effect upon future taxation, of any payment out of the funds, so remote, fluctuating and uncertain, that no basis is afforded for an appeal to the preventive powers of a court of equity."

The instant case is ruled by that just cited, and upon its authority we hold that the complainant below was without standing in the suit, and accordingly we affirm the decree of the lower court, with costs.