## ELLIOTT v. WHITE, U. S. Treasurer.

Court of Appeals of District of Columbia.

Submitted December 6, 1927. Decided January 9, 1928.

No. 4552.

1. **United States** ⊂⊃91¾—**Taxpayer or citizen may not sue to enjoin payment of funds appropriated for salaries of chaplains of Congress, army, or navy (Const. Amend. 1).**

One bringing suit as taxpayer or citizen *held* without standing to enjoin Treasurer of United States from dispersing funds appropriated for salaries of chaplains, on ground that employment of chaplains of Congress and of army and navy constitutes promotion of religious views and establishment of religious and sectarian institutions, and violates Const. Amend. 1.

2. **Constitutional law** ⊂⊃45—**Court held without power per se to review and annul acts of Congress as unconstitutional.**

Court *held* to have no power per se to review and annul acts of Congress on ground that they are unconstitutional.

3. **Injunction** ⊂⊃85(2)—**Court cannot enjoin execution of statute, but may enjoin acts of official, notwithstanding statute.**

Where case for preventive relief is presented by reason of unconstitutionality of statute, court does not enjoin execution of statute, but acts of officials, notwithstanding statute.

Appeal from Supreme Court.

Suit by James I. Elliott against Frank White, Treasurer of the United States. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Marx Lewis, of Washington, D. C., for appellant.

Peyton Gordon, L. A. Rover, and Neil Burkinshaw, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, dismissing appellant's bill for an injunction to prohibit the appellee, as Treasurer of the United States, from disbursing funds of the United States appropriated for salaries of the chaplains of the Senate and House of Representatives and of the army and navy of the United States.

It is the contention of appellant that the employment of such chaplains "constitutes the promotion of religious views and the establishment of religious and sectarian institutions, and as such are in violation of Amendment 1 of the Constitution of the United States."

[1-3] This case is ruled by Frothingham v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. Ed. 1078. There it was held that Mrs. Frothingham was without standing, as a mere taxpayer, to restrain the enforcement of the "Maternity Act" of November 23, 1921. 42 Stat. 224 (42 USCA § 161 et seq.; Comp. St. § 9188½ et seq.). Appellant's contention that he brings this suit as a citizen, and not as taxpayer, is without merit, for two reasons: First, Mrs. Frothingham alleged in her bill that she was a citizen of the United States, as well as a taxpayer; and, second, the interest of a citizen in such a suit is no more direct than that of a taxpayer. As the court observed in the Frothingham Case: "We have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. * * * If a case for preventive relief be presented, the court enjoins, in effect, not the execution of the statute, but the acts of the official, the statute notwithstanding. Here the parties plaintiff have no such case. Looking through forms of words to the substance of their complaint, it is merely that officials of the executive department of the government are executing and will execute an act of Congress asserted to be unconstitutional, and this we are asked to prevent. To do so would be not to decide a judicial controversy, but to assume a position of authority over the governmental acts of another and coequal department, an authority which plainly we do not possess."

The decree is affirmed, with costs.

Affirmed.