## DEMMERT v. SMITH.

No. 7781.

Circuit Court of Appeals, Ninth Circuit.

April 6, 1936.

William L. Paul, of Juneau, Alaska, and Lawrence J. Skirving, of Sacramento, Cal., for appellant.

Jas. S. Truitt, Atty. Gen., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

As a taxpayer of the Territory of Alaska, the appellant brought this suit for the purpose of enjoining defendant, Walstein G. Smith, Territorial Treasurer of the Ter-

ritory of Alaska, from disposing of certain public moneys under and in pursuance of certain appropriations of the Legislature of the territory in a special appropriation bill, for the care of dependent children and their mothers, and other incidental expenses of $90,000; of $185,000 for certain aged residents as provided by law; of $20,000 for the relief of destitution; and $45,000 for the relief of the needy and indigent (chapter 119, Session Laws of Alaska 1933, p. 241). These appropriations were to be expended in accordance with chapter 65, § 26, Session Laws of Alaska 1929, as amended by chapter 89, Session Laws of Alaska 1933. The law making these appropriations is attacked upon the ground that it is not within the legislative power of the Legislature of Alaska, and is in violation of the laws of the United States, particularly 8 U.S.C.A. §§ 41, 42, U.S.R.S. §§ 1977, 1978, concerning the rights of citizens of the territory to the full benefit and equal protection "of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

Appellee demurred to appellant's amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The District Court sustained the demurrer, with leave to amend. Appellant elected not to amend. The court thereupon entered a decree dismissing the amended complaint. This appeal is from that decree.

Appellant complains that the appropriation bill above referred to construed with reference to the statute for the expenditure of said appropriations discriminates against the Indian or Eskimo residents of the territory. The act for the expenditure of the $90,000 limits such appropriation to others than native children who are eligible for provision by the Department of the Interior. The portion of the act of 1933 referred to (section 26, c. 65, Session Laws of Alaska 1929, as amended in the Session Laws of Alaska 1933, c. 89, p. 172) is as follows:

"Section 26. Whenever it appears to the Governor, by clear and convincing evidence, that the mother of any child under sixteen (16) years of age (except native children who are eligible for provision by the Department of the Interior)."

Appellant further complains that the act providing for the disbursement of the other funds for which these appropriations are made (the $185,000, $20,000, and $45,000 items) excludes Indian or Eskimo residents from its benefits by the following provision:

"This Act shall not inure to the benefit of any Indian or Eskimo resident of the Territory who is provided for by the Department of the Interior out of the funds of the Treasury of the United States or to any ward of the Government of the United States." Section 28, c. 65, Session Laws of Alaska 1929, p. 146.

Appellant bases his right to bring this action solely on the ground that as a taxpayer he may sue to enjoin the payment of money under an invalid statute because the expenditure of this appropriation affects his rights as a taxpayer.

If it be assumed that the Legislature of Alaska had no power to confine the use of the appropriations to others than native Indians and Eskimos by its classification, it is clear that the exception against the use of the money for them would fail because of its invalidity. The question would then arise as to whether the rest of the statute would stand despite the invalidity of the exception and thus the appropriation be available to Indians and Eskimos as well as to others.

■ It cannot be believed that the invalidity of the exception, if invalid, is so involved in the appropriation that it can be held that the Legislature would have declined to make these appropriations for aged indigents, and for helpless children, if it could not do so without extending similar help to those within the exception, particularly in view of the fact that the appropriations involved are routine appropriations to care for those who in many instances had been long recognized as proper objects for public aid, many of whom were no doubt actual recipients of such bounty and entirely dependent thereon at the time the appropriation bill was passed. The ultimate question involved in the separation of valid and invalid features of an act is the question of the legislative intent. The rule of statutory interpretation in such cases is stated by the Supreme Court in Williams v. Standard Oil Co., 278 U.S. 235, 49 S.Ct. 115, 117, 73 L.Ed. 287, 60 A.L.R. 596, quoting with approval from Riccio v. Hoboken, 69 N.J.Law, 649, 662, 55 A. 1109, 63 L.R.A. 485, as follows:

"In seeking the legislative intent, the presumption is against any mutilation of a statute, and the courts will resort to elim-

ination only where an unconstitutional provision is interjected into a statute otherwise valid, and is so independent and separable that its removal will leave the constitutional features and purposes of the act substantially unaffected by the process."

■ The applicable rule of statutory construction is stated in Cooley on Constitutional Limitations (8th Ed.) vol. 1, c. VII, p. 362, as follows:

."If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legal intent, wholly independent of that which has been rejected, it must be sustained."

The Supreme Court of California applied this rule of statutory construction in People v. Monterey Fish Products Co., 195 Cal. 548, 556, 234 P. 398, 401, 38 A.L.R. 1186, where state legislation dealing with the taking of fish from the waters of the state was claimed to be discriminatory and, hence, invalid. Chief Justice Myers, speaking for the court, said:

"The general rule is that when a proviso in the nature of an exception to a general statute is invalid, the general provisions of the statute are not invalidated thereby, unless it clearly appears that the provisions of the exception are so intimately and inherently related to and connected with the general provisions to which it relates that the Legislature would not have enacted the latter without the former."

■ In the case at bar, it is clear that the appropriations are valid, even though it be assumed that the exceptions are invalid. It is therefore immaterial to. the taxpayer as such whether the funds were expended entirely for those designated in the statute or whether by reason of the claimed invalidity of the exception the benefits of the appropriation are extended to the native children and to the Indians and Eskimos. For this reason, the plaintiff does not state a cause of action for his relief as a taxpayer.

The appellant is neither an Indian nor an Eskimo, and consequently is not a person who would be entitled to the benefits of the act were it not for the exception which is claimed to be invalid because discriminatory. He cannot attack the statute upon the ground that Indians and Eskimos are discriminated against, except in his status as a taxpayer. Standard Stock Food Co. v. Wright, 225 U.S. 540, 32 S.Ct. 784, 56 L.Ed. 1197. Also, see Tyler v. Judges, 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252; Hendrick v. Maryland, 235 U.S. 610. 35 S.Ct. 140, 59 L.Ed. 385; New York ex rel. Hatch v. Reardon, 204 U.S. 152, 27 S.Ct. 188, 51 L.Ed. 415, 9 Ann.Cas. 736; Williams v. Walsh, 222 U.S. 415, 32 S.Ct. 137, 56 L.Ed. 253; Collins v. Texas, 223 U.S. 288, 32 S.Ct. 286, 56 L.Ed. 439; Missouri, K. & T. Ry. Co. v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135; Murphy v. California, 225 U.S. 623, 630, 32 S.Ct. 697, 56 L.Ed. 1229, 41 L.R.A.(N.S.) 153. And, as we have held, he is not injured in that capacity because the entire fund may be properly expended in any event. Because of this situation, we deem it both unnecessary and improper for us to consider whether the exception from the bounty of the territory, of those who are the natural objects of the care and solicitude of the Nation, is such a discriminatory classification of the objects of the territorial charity as would make the exception void as violative of the Fourteenth Amendment to the Constitution of the United States, or of sections 1977, 1978, U.S.R.S., 8 U.S.C.A. §§ 41, 42, supra. However, it is obvious that the discrimination complained of is not based wholly or perhaps at all upon race, but rather upon indigency, which is, of course, a classification that runs all through this type of legislation. It is the needy and indigent only who are entitled to such relief.

At the argument of this case the question was raised as to whether or not a taxpayer could bring an action such as this. The Supreme Court in Massachusetts v. Mellon, 262 U.S. 447, 486, 43 S.Ct. 597, 67 L.Ed. 1078, held that the relation of taxpayer of the United States to the federal government is such that he could not maintain such an action upon his status of taxpayer alone, although recognizing that the interest of the taxpayer of a municipality in the application of its moneys is so immediate and direct as to justify the remedy of injunction to prevent the misuse of public funds. As to whether or not a taxpayer of Alaska, a territory of the United States, can maintain a taxpayer's suit is a point that need not be decided in this case for reasons already pointed out and we refrain from expressing any opinion on that question.

Decree affirmed.