In the Matter of Supplementary Proceedings:
MANUFACTURERS TRUST COMPANY, Plaintiff, Judgment Creditor, v. SAMUEL SOBEL, Defendant, Judgment Debtor.
EDWIN J. TALLEY, Receiver; UNITED STATES OF AMERICA, Intervenor, Claimant.

City Court of New York, Special Term, New York County, December 20, 1940.

*Newman & Bisco* [*Leo P. Cappeletti* of counsel], for Edwin J. Talley, receiver.

*John T. Cahill, United States Attorney for the Southern District of New York* [*John B. Creegan, Assistant United States Attorney*, of counsel], for the United States.

COLEMAN, J. The receiver in supplementary proceedings, appointed at the instance of the judgment creditor, asks to have a third party who is indebted to the judgment debtor turn over to him the amount of that indebtedness. (Civ. Prac. Act, § 796.) This application is opposed by the government, which has intervened as claimant and which asks that the fund be turned over to it by virtue of an asserted lien for income and social security taxes.

The chronology of events is: On May 6, 1939, the judgment creditor obtained two judgments against the judgment debtor in this court. On May thirty-first it instituted proceedings supplementary thereto by the service of a subpœna, with the usual restraining clauses, upon the third party. On June twentieth the Collector of Internal Revenue filed with the clerk of the United States District Court a notice of lien for taxes previously assessed against the judgment debtor. (53 U. S. Stat. at Large, 449; U. S. Code, tit. 26, § 3672.) The receiver was appointed June 6, 1940.

The assessment lists as to the several taxes were received in the office of the Collector long before the entry of the two judgments; and demands upon the taxpayer for payment, except in one instance, were also earlier in time.

The claim of lien upon the government's part must be based upon the statute (53 U. S. Stat. at Large, 448; U. S. Code, tit. 26, §§ 3670–3672), which provides that the amount of the tax upon refusal to pay " after demand * * * shall be a lien," the lien arising " at the time the assessment list [is] received by the collector " (§§ 3670, 3671). But " Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector — * * * In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; * * *." The notice of lien, as we have said, was not filed until June 20, 1939 (after the date of the judg-

ments). It was not, therefore, until that day that the government's lien arose. This much is conceded. But the government contends that since a judgment creditor without more has no lien upon any specific personal property of a judgment debtor, and since the service of the third-party order creates only an " inchoate lien," or an " equitable lien " (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *McCorkle* v. *Herrman*, 117 id. 297), the government's lien being " legal " is paramount. (Cf. *United States* v. *Snyder*, 149 U. S. 210.)

It is unnecessary to follow the argument, as by a plain reading of the statute a judgment creditor in the circumstances here is placed ahead of the government. The language can have no other meaning — in case of conflict between government and judgment creditor, the judgment being first in time the government must yield. The government concedes that this is the case as to a mortgagee, pledgee or purchaser; but not, it contends, as to a judgment creditor. Yet we can see no reason for any difference in treatment. The statute makes no distinction; it explicitly places each of the four classes in the same group — four classes of persons who have so acted in relation to the taxpayer as to have created a distinct legal relationship between them — here that of judgment creditor to judgment debtor.

The government has no lien in the absence of statute. (*Mackenzie* v. *United States*, 109 F [2d] 540.) After creating a lien Congress may postpone the government's claim; and it may extend and it has extended the list of those to whose claims it is prepared to defer its own ( *United States* v. *Snyder*, supra; *Mackenzie* v. *United States*, supra; *United States* v. *Curry*, 201 Fed. 371. Cf. amendment of June 29, 1939, 53 U. S. Stat. at Large, 882; U. S. Code, tit. 26, § 3672) inserting " pledgee," and deferring liens in certain cases even where prior in time. The statute is an act of self-abnegation upon the part of the government in the collection of taxes by which it must abide. No question of strict versus loose construction arises. (*Gould* v. *Gould*, 245 U. S. 151.) There is no room for construction, as the statute as to these classes of persons is specific.

The motion of the receiver is granted, that of the government is denied.

Order filed.