SHENK REALTY AND CONSTRUCTION COMPANY, Judgment Creditor, *v.* JAMES W. BARRETT, Judgment Debtor.

City Court of New York, New York County, Special Term, July 24, 1942.

*Harry W. Pitt*, for the judgment creditor.

*Stern & Reubens* [*Arthur E. Farmer* of counsel], for the third party.

COLEMAN, J. The motion by the judgment creditor is denied. The right of the Government to the royalties became complete by the service of a copy of notice of tax lien, notice of levy and a warrant of distraint upon the third party which thereupon became liable for the amount of the tax, to the amount of the royalties in its possession. (53 U. S. Stat. at Large 456; U. S. Code, tit. 26, § 3710.) " This [the service of a notice of levy and of a warrant of distraint] was an actual levy by the Collector upon the property of the tax debtors." (*Sport-Craft, Inc.* v. *Lasker*, 177 Misc. 872, 873.) Up to the time of the Collector's action the judgment creditor had done no more than to serve its subpœna. But the service of the subpœna alone gave the judgment creditor no such interest in any property or property rights of the judgment debtor in the hands of the third party as would stand in the way of the Federal statutes dealing with distraint. Those statutes prevail and under them the Government's right is paramount unless at the time of levy and demand the property was " subject to an attachment or execution under any judicial process." (53 U. S. Stat. at Large 456; U. S. Code, tit. 26, § 3710.) There was no attachment or execution here in the strict sense, and the judgment creditor had yet, by taking other steps, to acquire a specific lien or interest in the judgment debtor's property. (*Reynolds* v. *Ætna Life Ins .Co.*, 160 N. Y. 635; *McCorkle* v. *Herrman*, 117 id. 297.) In *Manufacturers Trust Co.* v. *Sobel* (175 Misc. 1067), where the government had filed a notice of lien, but had made no levy or had not distrained, its lien was held to be subordinate to that of a judgment creditor.