In the Matter of FORT WASHINGTON AUTOMOBILE CLUB, INC., Judgment Creditor, against S. G. S. GARAGE Co., INC., Judgment Debtor.

City Court of New York, Special Term, New York County, March 8, 1943.

*Marks & Marks* for judgment creditor.

*Nathaniel L. Goldstein, Attorney-General (Jack Garrell* of counsel), for State of New York.

KELLER, J. This is a motion under subdivision 2 of section 794 of the Civil Practice Act by a judgment creditor who served a third-party subpoena containing an injunction, pursuant to section 781 of the Civil Practice Act, upon the National City Bank of New York, where the judgment debtor has a deposit of $968.09. The judgment is in excess of that amount.

The Attorney-General of the State of New York has intervened, claiming that the sum of $588.75, with interest, is due to the State of New York from the judgment debtor for unemployment insurance taxes. The Industrial Commissioner issued a warrant to a tax collector of the Division of Placement and Unemployment Insurance against the judgment debtor, pursuant to subdivision 2 of section 523 of the Labor Law, on January 23, 1943, which was after the service of the third-party subpoena. The warrant was filed with the New York County Clerk on February 2, 1943.

The State claims priority by virtue of the provisions of subdivision 6 of section 522 of the Labor Law. It seems to me, however, that this statute has no application to the present proceeding, which is not a dissolution or insolvency proceeding, or any of the other proceedings therein referred to. There is no statutory provision, as there is in the case of franchise taxes (Tax Law, § 219-c), that an indebtedness for unemployment insurance payments should constitute a lien upon the real and personal property of the debtor. Hence the rule of *Smith* v. *Meader Pen Corp.* (255 App. Div. 397, affd. 280 N. Y. 554) is not applicable.

The procedure followed by the Industrial Commissioner under subdivision 2 of section 523 of the Labor Law resulted in " a lien upon the title to and interest in real property and chattels real " of the judgment debtor " in the same manner as a judgment duly docketed in the office of such [county] clerk," but did not effect a lien upon the personal property of the judgment debtor, and no such lien has in any way been acquired by the State.

As was said in *Wise* v. *Wise Co.* (153 N. Y. 507, 511): " But where there is no statute giving the preference, and no warrant or process has been issued for the collection of a tax on personal property, there is no controlling authority for preferring such a claim over specific prior liens * * * under attachments or executions." *Marshall* v. *New York* (254 U. S. 380)

involved franchise taxes which were specifically made a lien by statute, as above pointed out. Any general priority which the sovereign as such may have for the payment of debts may be defeated in the manner indicated in the *Marshall* case, where it was said (p. 382): "The priority could be defeated or postponed only through the passing of title to the debtor's property, absolutely or by way of lien, before the sovereign sought to enforce his right."

I am of the opinion that the service of a third-party subpoena containing an injunction pursuant to section 781 of the Civil Practice Act gives the judgment creditor a right superior to any general priority of the State, which has no specific lien. I think the cases support the view that the service of the third-party subpoena has given the judgment creditor a lien of some sort which, though formerly enforcible only by means of a receivership, may now, I think, be asserted, under subdivision 2 of section 794 of the Civil Practice Act, without the necessity of seeking the appointment of a receiver. (Cf. *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.*, 38 N. Y. S. 2d 816; *Manufacturers Trust Co.* v. *Sobel*, 175 Misc. 1067.)

The motion is granted and the third party is directed to pay the sum on deposit, amounting to $968.09, to the judgment creditor, pursuant to subdivision 2 of section 794 of the Civil Practice Act.

Settle order on notice to both respondents and to the Attorney-General. Enforcement of the order will be stayed for sixty days if the Attorney-General wishes to appeal.