**UNITED STATES v. SANDS.**

No. 215, Docket 21274.

United States Court of Appeals
Second Circuit.

April 25, 1949.

Sam H. Lipson, of New York City (Nachamie & Benjamin and Max Nachamie, all of New York City, on the brief), for appellant.

James A. Devlin, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, on the brief), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This appeal by a bankruptcy trustee attacks a district court order directing him to turn over to the United States the proceeds of personal property owned by the bankrupt, upon which a collector of internal revenue had levied a distraint for unpaid taxes prior to the bankruptcy. The trustee's position is that no lien was acquired on the property, since no notice thereof was filed in a local recording office, and hence the claim for taxes is postponed to both expenses of administration and claims for wages under Bankruptcy Act, § 64, sub. a, 11 U.S.C.A. § 104, sub. a. This view was accepted by the bankruptcy referee, upon the trustee's application for such an adjudication. Upon petition for review, however, the district court upheld the lien as against the trustee and directed payment to the United States. The sum in question was actually the proceeds from the sale of the property made by the trustee, but upon a stipulation of the par-

ties and order of the bankruptcy court that it should be without prejudice to the respective rights of the parties, and the claim of lien made by the collector.

The proceedings began on January 9, 1945, with the serving upon Jewelry Mart, Inc., of a notice of "jeopardy assessment" under I. R. C. § 3660, 26 U.S.C.A. § 3660, for unpaid taxes in the sum of $1,777.99 by the Collector of Internal Revenue for the Third District of New York. Armed with a warrant of distraint the collector on January 12, 1945, levied upon personal property of the taxpayer and removed it to his office in New York City. On January 25, 1945, the taxpayer filed a petition for arrangement under the Bankruptcy Act, § 322, 11 U.S.C.A. § 722. Thereafter appellant was appointed its trustee in bankruptcy and made the sale as agreed upon, realizing the sum of $1,110.41, the sum in issue.

While we agree with the contention of the Government, we put to one side as only confusing and misleading a suggestion accepted below and partially urged here, in reliance upon a dictum of In re Taylorcraft Aviation Corp., 6 Cir., 168 F.2d 808, 810, that "an unrecorded tax lien of the collector was good against a trustee because a trustee was not a judgment creditor." We do not see how this dictum can be followed in view of the express provision to the contrary in Bankruptcy Act, § 70, sub. c, 11 U.S.C.A. § 110, sub. c, and the frequent decisions upholding the rights of a bankruptcy trustee over conditional vendors and other creditors holding improperly filed instruments of security. Thus see Empire State Chair Co. v. Beldock, 2 Cir., 140 F.2d 587, 589, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L. Ed. 1587, citing cases. As a matter of fact the view we regard as necessarily correct was followed in the Taylorcraft case below, D.C.N.D.Ohio, 76 F.Supp. 81, 85.

The decisive factor which we believe makes the Government's contention controlling is the collector's possession of the property, pursuant to appropriate statutory authority, prior to the bankruptcy. Whether viewed as the "perfecting" of an imperfect lien, or as itself a statutory lien, the levy of a distraint upon specific prop-

erty seems well within the protective features of the Bankruptcy Act, § 67, sub. b, 11 U.S.C.A. § 107, sub. b. The statutory provisions for the collection of unpaid taxes show a complete scheme for the protection of the governmental revenues of the very kind which the bankruptcy provision is designed to uphold, even though bankruptcy ensues. When a jeopardy assessment is made, then the amount due becomes a "lien" upon the debtor's property under I.R.C. § 3670, 26 U.S.C.A. § 3670. The lien arises at the time the assessment list is received by the collector, § 3671; as shown by this statute and several others defining its operation and enforcement, §§ 3673–3679, it exists without respect to state filing. But by the terms of § 3672, "such lien shall not be valid [i. e., enforceable] as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice has been filed by the collector in accordance with state law where the state has provided for the filing of such notice. New York has provided for the filing of such notice in the office of the Register of the County of New York. N. Y. Lien Law, Consol.Laws, c. 33, § 240. Admittedly no notice was filed in this case.

We cannot, however, stop with this provision, as did the referee; we must consider also the extensive provisions for distraint, I.R.C. §§ 3690–3716. Thus, under § 3690 the collector may proceed at once (it being a jeopardy assessment) to collect the taxes "by distraint and sale" of the taxpayer's personal property. And by § 3692 the levy may be upon all the property—except that exempt under § 3691—"belonging to such person, or on which the lien provided in section 3670 exists." Thus the provision is in the alternative, showing both that the existence of a lien is not made a prerequisite and that the reference is to the general lien under § 3670, and not the perfected lien under § 3672. Further sections deal with the enforcement of the levy by sale, the similar distraint upon real property, and miscellaneous provisions, including a direction in § 3710 for surrender of the property to the collector by all persons not holding an earlier right.

Sec. 67, sub. b, of the Bankruptcy Act preserves certain statutory liens, including

386

those for taxes and debts owing to the United States, even though arising or perfected while the debtor is insolvent and within four months of bankruptcy; indeed, it goes further and allows the perfecting of such liens as have arisen, but have not been perfected, before bankruptcy. By § 67, sub. c, however, such liens for taxes "on personal property not accompanied by possession of such property" are postponed to the first two priorities of § 64, sub. a, supra, even though valid under § 67, sub. b, unless they have been enforced by sale before bankruptcy. But this particular levy was accompanied by possession taken before bankruptcy; it appears therefore to satisfy every requirement to come under subdivision b, rather than c. The wide scope to be accorded the word "lien" in this section seems properly indicated by its opening language in subdivision a(1), even though that deals with the dissolution of those liens in bankruptcy which are not preserved under the later provisions; thus it speaks of "every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings." These are broad terms, indeed; to them possession is added as an additional alternative element by subdivision c. Compare Aldrich Shoe Co. v. Kagan, 1 Cir., 173 F.2d 457; Strom v. Peikes, 2 Cir., 123 F.2d 1003, 1006, 138 A.L.R. 937. It is difficult to see what the intended meaning can have been if it is not satisfied by a complete taking of possession under lawful claim for taxes due as provided in the revenue statutes.

This appears to be the accepted view. It is supported by wholly analogous state cases of persuasive, even if not legally controlling, authority. Sport-Craft, Inc. v. Lasker, 177 Misc. 872, 32 N.Y.S.2d 360; Shenk Realty & Construction Co. v. Barrett, 178 Misc. 857, 36 N.Y.S.2d 624. And it is the necessary result of the recent decision of the Supreme Court in Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 69 S.Ct. 469. There the question was whether a tax claim of the United States, secured by a perfected lien and accompanied by possession at the time of bankruptcy, was lost by reason of the collector's relinquishment of the prop-

erty to the trustee in bankruptcy for sale by him. The Court, in holding for the United States, emphasizes throughout both the perfecting of the lien and the taking of actual physical possession of the property. Thus it cites approvingly our two cases of Davis v. City of New York, 2 Cir., 119 F.2d 559, and City of New York v. Hall, 2 Cir., 139 F.2d 935, the first a case where "the City perfected its lien for retail sales taxes by seizure of assets of the taxpayer" before bankruptcy, the second a case where the City lost because until a matter of some minutes after the petition was filed its "lien was not accompanied by actual possession of the personal property to which it attached." 336 U.S. at page 125, 69 S.Ct. at page 472. And speaking for the entire Court, Mr. Justice Burton said, 336 U.S. at pages 127–129, 69 S.Ct. at page 475: "The purpose of § 67 in requiring a public warning of the existence of an enforceable statutory lien for taxes was served in the instant case not only by the steps taken to perfect the Government's lien but by the Collector's seizure and actual possession of the personal property of the taxpayer before the filing of the taxpayer's petition in bankruptcy."

Order affirmed.