**SHELDON et al. v. GRIFFIN.**

No. 12097.

United States Court of Appeals
Ninth Circuit.

April 29, 1949.

J. Gerald Williams, Atty. Gen., Territory of Alaska, Faulkner & Banfield, of Juneau, Alaska, and Medley & Haugland and W. C. Arnold, all of Seattle, Wash., for appellants.

No other appearances were entered.

Before MATHEWS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a decree enjoining the Alaska Unemployment Compensation Commission from giving effect to an amendment to the Unemployment Compensation Code of the Territory adopted by the legislature at its 1947 session.

The amendment provided for a system of credits to be granted qualified employers of labor on an experience merit basis and also reduced the waiting period from two weeks to one week before benefits may be claimed by an unemployed person. Plaintiff (appellee) challenged the validity of the amendment for asserted irregularities in the course of the bill's passage. His complaint alleged that the title of the bill was inadequate, that a motion to reconsider in the House was not properly disposed of, that the bill did not receive in the House three separate readings as required by Sec. 13 of the Alaska Organic Act, 48 U.S.C.A. § 85, and finally that the bill was vetoed by the governor. The court made findings adverse to all these allegations save one, namely, that the bill did not have a third reading in the House. On a finding to the latter effect, based on an examination of the House Journal, the court concluded that the amendment did not become law and it granted the injunctive relief prayed for.

The record discloses that the bill was regularly certified by the presiding officers of both Senate and House and became an enrolled bill; also that the governor intended it to become law without his signature and that with this intent he formally transmitted it to the office of the secretary of Alaska for permanent filing, it being thereafter officially published as Chapter 74 of the 1947 Laws. The Commission [1] urges that the court was in error in failing to take judicial notice of Chapter 74 under the generally accepted doctrine of Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294. We do not reach that point as we are of opinion that the suit should have been dismissed as presenting no justiciable controversy.

In his complaint the plaintiff alleged merely that he is a citizen and taxpayer of Alaska. While he offered no proof on the subject we may assume that he occupies that status. The amendment under attack adds nothing to the burden of the taxpayers of Alaska. The unemployment compensation fund administered by the Commission is made up of contributions exacted from employers in accordance with regulations prescribed by the Commission, plus fines and penalties collected pursuant

[1] A number of employers were permitted to intervene in the suit and these intervenors have joined with the Commission on the appeal.

to the provisions of the Act. Alaska Compiled Laws 1949, § 51-5-5. There is nothing in the pleading or proof to indicate that the plaintiff has a particular right of his own to which injury is threatened, or any interest distinguishable from that of the general public in the administration of the law. To entitle himself to be heard he is obliged to demonstrate not only that the statute he attacks is void but that he suffers or is in imminent danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some remote or indefinite way in common with the generality of people. Frothingham v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078. Cf. also Perkins v. Luckens Steel Co., 310 U.S. 113, 125, 60 S.Ct. 869, 84 L.Ed. 1108; State of Minn. ex rel. Smith v. Haveland County Assessor, 223 Minn. 89, 25 N.W.2d 474, 174 A.L.R. 544.

. The judgment is reversed with directions to dismiss the suit.