**Woodrow W. REYNOLDS, on behalf of himself and all other taxpayers similarly situated, Plaintiff,**

v.

**Hugh WADE et al., Defendants.**

No. 7397–A.

District Court, Alaska
First Division, Juneau.
March 26, 1956.

Henry C. Clausen, San Francisco, Cal., and Howard D. Stabler, Juneau, Alaska, for plaintiff.

J. Gerald Williams, Atty. Gen., and Edward A. Merdes, Asst. Atty. Gen., for defendants.

HODGE, District Judge.

Plaintiff in this action as a resident taxpayer of Alaska seeks to enjoin the Treasurer, Director of Finance, Commissioner of Education and members of the Board of Education of the Territory of Alaska from an alleged illegal expenditure of public funds and from carrying into effect the provisions of Chap. 39, S.L.A.1955, being an Act entitled

"An Act to promote the public health, safety, and welfare by providing transportation for children attending schools in compliance with compulsory education laws";

and the provisions of Chap. 6, S.L.A. 1955, Extraordinary Session, appropriating money from the General Fund of said Territory for "transportation to schools," or such part thereof as appropriates public money for transportation of pupils to non-public or sectarian schools.

The Act in question provides that in those places in Alaska where transportation is provided under existing laws for children attending public schools, transportation shall likewise be provided for children who, in compliance with the compulsory education laws of Alaska, attend non-public schools,

"where such children, in order to reach such non-public schools, must travel distances comparable with and over routes the same as the distances and routes over which the children attending public schools are transported."

Plaintiff attacks the validity of such legislation upon three grounds: (1) That such legislation contravenes the limitations of the Organic Act of Alaska, 48 U.S.C.A. § 77, which prohibits the appropriation of any public money "for the support or benefit of any sectarian, denominational, or private school, or any school not under the exclusive control of the Government"; (2) That said legislation violates the First, Fifth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act, 42 U.S.C.A. §§ 1981–1983, in that it aids and supports sectarian and denominational education and constitutes a law respecting an establishment of religion, and therefore deprives plaintiff and other taxpayers of their property without due process of law; (3) It violates the Fourteenth Amendment of the Constitution and the Organic Act in that it denies to plaintiff and other taxpayers similarly situated the equal protection of law and is class legislation.

Defendants have moved for an order dismissing the complaint upon the grounds that (1) It fails to state a claim against the defendants upon which relief can be granted; and (2) It does not allege that plaintiff will suffer any injury that will not be suffered in common by the general public. The controlling question before the Court is whether or not the action presents a justiciable controversy and whether there is sufficient showing as to the plaintiff's right to maintain this action.

The following allegations of the complaint must be noticed as pertinent to this issue:

"The citizen, resident taxpayers of said Territory, number many thousands. Plaintiff and all of said persons are in the same class and are affected by all the matters and things mentioned hereinafter and are subject to like injury and damage as the injuries complained of in plaintiff's complaint."

"The funds so appropriated from said General Fund for transportation to schools are obtained in part from the regular and special taxes paid and required to be paid to said Territory by plaintiff and other taxpayers similarly situated as aforesaid."

(Under and by virtue of said Acts the defendants) "will, unless enjoined and restrained by an order of this Court, pay out and expend from the Territorial Treasury * * * during the school biennium * * * a substantial portion of said $1,250,-000.00 for the transportation of pupils to non-public schools, including sectarian and denominational schools; and such sums will thereby be lost from the public funds of the Territory * * *; and the payment of said funds for said purpose will greatly increase the taxes which this plaintiff and the other taxpayers of said Territory are obliged to pay to maintain the Government thereof."

The rule is well settled that with respect to a taxpayer of the United States he cannot maintain an action to enjoin public officials from carrying out Acts of Congress upon the grounds of invalidity of the Act except where there is some direct injury suffered or threatened, presenting a justiciable issue; and he must show not only that the statute is invalid, but that he has sustained or is in immediate danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with the general public. Commonwealth of Massachusetts v. Mellon (Frothingham v. Mellon), 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Alabama Power Co. v. Ickes, 302 U.S. 464, 478, 58 S.Ct. 300, 82 L.Ed. 374; Perkins v. Lukens Steel Co., 310 U.S. 113, 125, 60 S.Ct. 869, 84 L.Ed. 1108; Elliott v. White, 57 App.D.C. 389,

174

23 F.2d 997 (in which the same issue of "promotion of religious views and establishment of religious and sectarian institutions" is involved); Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, 676; Wheless v. Mellon, 56 App.D. C. 98, 10 F.2d 893, 894–895; Railway Express Agency v. Kennedy, 7 Cir., 189 F. 2d 801, 804.

 An injury in a legal sense which may justify such an action is defined as follows:

"The principle [that one who is threatened with direct and special injury may maintain such action] is without application unless the right invaded is a legal right,—one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 137, 59 S.Ct. 366, 369, 83 L.Ed. 543; Fallbrook Public Utility Dist. v. District Court, 9 Cir., 202 F.2d 942.

This rule has been applied in Federal courts to a suit by a taxpayer to declare acts of state legislatures invalid as in conflict with the Federal or State constitution. Williams v. Riley, 280 U.S. 78, 50 S.Ct. 63, 74 L.Ed. 175; Columbus & G. R. Co. v. Miller, 283 U.S. 96, 99, 51 S.Ct. 392, 75 L.Ed. 861; Doremus v. Board of Education, 342 U.S. 429, 434, 72 S.Ct. 394, 397, 96 L.Ed. 475, expressly holding that what the Court said of a Federal statute in the Commonwealth of Massachusetts v. Mellon case is "equally true when a state Act is assailed."

 The rule is otherwise as to a taxpayer's suit against a municipality or county, as to which it is universally held that a taxpayer may maintain a suit in equity to restrain a city or county from unlawful expenditure of public funds, which distinction is recognized in Commonwealth of Massachusetts v. Mellon upon the principle that the interest of a taxpayer of a municipality in the application of its moneys is direct and immediate, and by reason of the peculiar relation of the corporate taxpayer to the municipal corporation. Crampton v. Zabriskie, 101 U.S. 601, 25 L.Ed. 1070; Valentine v. Robertson, 9 Cir., 300 F. 521.

The application of such rule in the State courts is a matter upon which such courts are divided, and plaintiff concedes that the majority rule upholds the right of a taxpayer to bring such action, such decisions resting largely on the same grounds as to municipal or county funds. 52 Am.Jur., Taxpayers' Actions, Sec. 6, p. 4; Annotation, 58 A.L.R. 589.

The majority rule of the state courts has been followed by the Supreme Court of the Territory of Hawaii and with respect to the Government of Puerto Rico. Lucas v. American Hawaiian E. & C. Co., 16 Haw. 80 (following the rule as to local or municipal legislation of Crampton v. Zabriskie); Castle v. Secretary of Hawaii, 16 Haw. 769; Castle v. Kapena, 5 Haw. 27; Buscaglia v. District Court of San Juan, 1 Cir., 145 F.2d 274.

With apparent due consideration to these conflicting views, the rule of Commonwealth of Massachusetts v. Mellon has now been definitely applied in this jurisdiction. Sheldon v. Griffin, 9 Cir., 174 F.2d 382; Shelton v. Wade, D.C. 1st Div., 130 F.Supp. 212. See, also, Demmert v. Smith, 9 Cir., 82 F.2d 950, where the question was previously considered by the Circuit Court of Appeals, but left undecided as not necessary to decision in such case.

In the Sheldon v. Griffin case [174 F.2d 384], in which a resident taxpayer sought to declare invalid the provisions of the Unemployment Compensation code of Alaska, the opinion of the Court states as follows:

"There is nothing in the pleading or proof to indicate that the plaintiff has a particular right of his own to which injury is threatened, or any interest distinguishable from that of the general public in the administration of the law. To entitle

himself to be heard he is obliged to demonstrate not only that the statute he attacks is void but that he suffers or is in imminent danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some remote or indefinite way in common with the generality of people." (citing Frothingham v. Mellon and other cases).

In the Shelton v. Wade [130 F.Supp. 212] case Judge Folta discussed the matter of the majority and minority views of the State courts and the Federal rule, in an action by a taxpayer to enjoin a transfer of public funds from the General Fund of the Territory to the Unemployment Compensation Fund, and concludes upon the express decision of Sheldon v. Griffin that

> "Since the plaintiff has not shown that he will suffer any injury that will not be suffered in common by the general public, he has no standing to sue, and hence the decision of the Court of Appeals for this Circuit is dispositive of this controversy and requires that the motion for a preliminary injunction be dismissed."

■ Plaintiff seeks to distinguish Sheldon v. Griffin from the facts in this case upon the grounds that in the former no public funds were involved; and that the Court found that the statute under attack "adds nothing to the burden of the taxpayers of Alaska." However, the decisions cited by the Circuit Court in support of its ruling, and others supporting the Mellon rule, do not appear to make any distinction in the application of such rule between legislation involving expenditures of public funds and other legislation complained of; and in fact, as recognized by Judge Folta in the Wade case, the rule of Commonwealth of Massachusetts v. Mellon which is adopted by our courts is based instead upon the doctrine of the separation of powers between the legislative and judicial branches of government. Opinion of Mr.

Justice Sutherland, 262 U.S. at pages 488–489, 43 S.Ct. 597.

Plaintiff also contends that Judge Folta in the Wade case failed to distinguish the difference between the taxpayer's status in Sheldon v. Griffin and the taxpayer's status in the Wade case, who would suffer by illegal expenditures from taxpayer contributed funds; and in effect asks that Shelton v. Wade be overruled. But again I fail to find such distinction in the authorities examined, nor that Judge Folta erred in this respect, but on the contrary the learned Judge expressly commented upon the decision of Judge Dimond in adopting the majority view, D.C., 78 F.Supp. 466, which was reversed by the Circuit Court. Plaintiff also suggests that the decision of Judge Reed in the case of Wickersham v. Smith, 7 Alaska 522, should be compared as more logical. However in this opinion, in which the whole subject is reviewed in considerable detail, 7 Alaska at pages 528–537, Judge Reed finally concluded that he was unable to pass upon this point.

Hence the contention of the plaintiff that Sheldon v. Griffin is not authority for the decision of Shelton v. Wade, and that the rule of the Hawaii and Puerto Rico cases should govern instead in this instance, cannot be sustained.

■ I am unable to find from the allegations of the complaint that plaintiff has alleged any injury different from that of the general public. In fact, the allegations of the complaint as noted above are quite to the contrary. Nor can I agree that the term "general public" is any different in the legal sense used than "resident taxpayers," which "number many thousands." Therefore the decision of the Circuit Court of Appeals for this Circuit is decisive of this case.

In view of this decision it is unnecessary to pass upon the questions of contravention of the Organic Act or Constitutional prohibitions raised by plaintiff. The motion for dismissal is granted and the case dismissed.