Paul J. Widlitz, J.
This is an application by the judgment creditor pursuant to section 794 of the Civil Practice Act for an order directing that a third party, the Franklin National Bank, *197 turn over to the judgment creditor funds now on deposit with the third party in certain accounts in the name of the debtor corporation. The third-party bank opposes the application on the ground that a notice of levy has been served upon it by the Internal Revenue Service of the United States Treasury Department which notice, the bank contends, restricts the payment by it of any funds belonging to the debtor corporation. The lien in favor of the Federal Government, provided for in section 6321 of the Internal Revenue Code, is invalid as against judgment creditors of the taxpayer until notice thereof has been filed in the office designated by the laws of the State in which the property subject to the lien is situated (Internal Revenue Code of 1954 [U. S. Code, tit. 26], § 6323). New York law requires that such notice be filed with the clerk of the town in which the taxpayer resides at the time the lien arises (Lien Law, § 240, subd. 2). The address of the taxpayer, Crafcon Corp., is set forth in the notice of levy as being in the Village of Great Neck which is within the Town of North Hempstead, all within this county. The papers submitted by the bank do not allege that a notice of lien has been filed pursuant to the above provisions. Consequently, this court cannot consider the lien of the Federal Government to be valid as against the judgment creditor who is entitled to payment by the bank out of the regular account in the name of the judgment debtor (Aquilino v. United States of America, 3 N Y 2d 511).
The judgment creditor also claims a lien as to the contingent liability of the third-party bank to pay over to the judgment debtor the balance in an auto dealer’s reserve account. The purpose of that account is to secure the bank against possible loss on conditional sales contracts which previously had been purchased from the judgment debtor. The contract between the debtor and the third party provides that no moneys will be due the debtor until April, 1961, at which time all outstanding contracts will have been completed. In the event of default by any of the conditional vendees, the loss sustained by the bank will be deducted from the reserve account. The third party presently holds $1,149.66 to secure a total indebtedness of $29,600. That liability is unmatured, and it is impossible at present to ascertain the amount of indebtedness, if any, which will mature in April, 1961.
Section 794 of the Civil Practice Act provides for the issuance of an order directing a person indebted to a judgment debtor to pay the amount of that debt to the judgment creditor. It also provides that, should the indebtedness be unmatured at the time of the application, the court ‘ ‘ shall direct that pay *198 ment be made on the date when the indebtedness shall mature.” (Civ. Prac. Act, § 794.) That provision is intended to apply to “presently existing but unmatured indebtedness ”. (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 350-351. Emphasis supplied.) The amount of that payment to be made in the future is not sufficiently definite or certain at this date to warrant the entry of an order providing for a specific future payment. (Matter of Liberti Contractors v. Bermuda Bldg. Corp., 14 Misc 2d 403.)
The lien of the judgment creditor as to the reserve account is a valid lien, however, and is superior to that of the United States. The restraining provisions of section 781 of the Civil Practice Act, indorsed upon the subpoena, will expire two years after the service of the subpoena unless extended by order. The court believes that the circumstances warrant an extension of those stay provisions and the order to be entered hereon should provide for an extension to and including the first day of June, 1961.
Accordingly, this motion is granted to the extent only that an order be entered directing that the third party, The Franklin National Bank, turn over to the judgment creditor the sum presently in the judgment debtor’s checking* account, i.e., $271.32, and further directing* that the restraining provisions of section 781 of the Civil Practice Act as to the judgment debtor’s reserve account be extended until the first day of June, 1961.
Submit order.