George Tjlzer, J.
This is a proceeding under section 794 of the Civil Practice Act by the City of New York, judgment creditor, for an order directing a third party to turn over $452.97 held by it to the credit of the judgment debtor.
Two other parties, a private corporation and the United States Government, have served restraining orders on the third party.
The question presented is the relative priority rights of the three judgment creditors.
The private corporation obtained its judgment in the Municipal Court on October 24, 1956 in the sum of $1,907.23 and it served its third-party subpoena on October 25, 1956 at 11:05 a.m.
The United States assessed taxes on the judgment debtor between July, 1953 and July, 1955 for over $17,000 and served a notice of levy on the third party on October 25, 1956 at 5:00 p.m. On October 26, 1956 it filed its tax lien in the office of the Register of New York County.
The City of New York assessed excise taxes during October 1, 1952 and October 24, 1956 for over $17,000, docketed numerous warrants as judgments of record, including one on June 6, 1956 for $1,199.61. The third-party subpoena was served on November 23, 1956.
Ordinarily the liens of the city are subordinate to the lien acquired by the United States (U. S. Code, tit. 26, § 6321). However, under the section, the lien of the United States is not valid as to another judgment creditor until notice thereof is filed in the Register’s office of the county in which the property subject to the lien is situated (Lien Law of New York State, § 240).
Hence, under the facts above the claim of the private corporation has priority over that of the United States (Matter of Oxford Distr. Co. v. Famous Robert's Inc., 134 N. Y. S. 2d 244). But the city’s tax liens are superior to the judgment lien of the private corporation judgment creditor by virtue of its accrual and entry of judgment on the warrants prior to entry of judgment and service of the subpoena by the private corporation.
It has not been proven that the judgment debtor is insolvent and has committed a definitive act evidencing that insolvency.
Therefore, under the case of United States v. New Britain (347 U. S. 81) the United States’ lien is subordinate to the lien of the private corporation and consequently subordinate to such other liens which have priority over the lien of the private corporation.
*732 Consequently the court holds that under the facts and circumstances herein, any amount up to $1,907.23 (the amount due to the private corporation judgment creditor) is set aside from the total fund which the Government would ordinarily take. Since the amount held by the third party is only $452.97 and the city’s taxes exceed such amount, the amount held by the third party is directed to be paid over to the petitioner, the City of New York.
Settle order.
(Reargument)
Upon reargument original decision adhered to.