Bernard S. Meyer, J.
This motion for an order directing the third party Glen-Rich Construction Corp. to pay over to the judgment creditor the amount of the debt owed by the third party to the judgment debtor is granted. The judgment was obtained on September 10, 1959 and on September 18, 1959, the third party was served with a subpoena in supplementary proceedings. The United States Government on October 6, 1959 served a notice of levy for withholding taxes on the third party and on November 9, 1959, filed with the Nassau County Clerk a notice of said tax lien. Under such circumstances, the judgment creditor prevailed in Matter of City of New York v. Gilmore’s Steak House (15 Misc 2d 730). A third-party subpoena has also been upheld against a claim of priority by the United States Government in Rodac Distr. Corp. v. Crafcon Corp. (15 Misc 2d 196); Matter of Mariano v. Cathay House Restaurant (199 Misc. 410) and Matter of Dannenberg v. Leopold & Co. (188 Misc. 250) where the Government had served a notice of levy on the third party but had not filed its notice of lien as required by the Internal Revenue Code (§ 6323; U. S. Code, tit. 26, § 6323) and in Brenner v. Patrician Restaurant (92 N. Y. S. 2d 246) and Manufacturers Trust Co. v. Sobel (175 Misc. 1067) where a notice of lien had been filed before the third-party subpoena but notice of levy had not been served on the third party. Apparently, the latter two cases no longer apply since Matter of Oxford Distr. Co. v. Famous Robert’s (5 A D 2d 507) makes clear that filing of the Government’s notice of lien is determinative and that levy by the Government against the property in the hands of a third party has no significance. And, where a receiver in supplementary proceedings was appointed before the notice of tax lien was filed, the rights of the judgment • creditor were held paramount in Matter of Kohlman v. Alexander (1A D 2d 334, affd. without opinion 4 N Y 2d 823).
The Government contends, however, that it must prevail, since its notice of lien was filed before the judgment creditor had reduced the fund to possession. It relies on the rule that the relative priority of the lien of the United States for unpaid taxes is a Federal question (Aquilino v. United States of America, 3 N Y 2d 511, cert, granted 359 U. S. 904; Matter of *549 City of New York [United States of America — Coblentz], 5 N Y 2d 300) and points to the fact that by Federal Tax Regulations (Code of Fed. Reg., tit. 26, § 301.6323-1, subd. [a], par. [2], cl. [b]) “ judgment creditor ” is defined in the ease of a judgment for a sum of money as one ‘ ‘ who has a perfected lien under such judgment on the property involved.” A perfected lien, under the holding of United States v. Gilbert Associates (345 U. S. 361) requires reduction of the property to possession, it is argued, and this, in turn, requires execution under section 679 of the Civil Practice Act; service of a third-party subpoena, it is contended, is not sufficient. For the latter proposition, the Government cites Shenk Realty & Constr. Co. v. Barrett (178 Misc. 857) (see, also, Matter of Diaz, 192 Misc. 212, 214).
Though ingenious, the argument cannot be accepted. It is to be remembered that on these papers no question of insolvency has been raised and, therefore section 191 of title 31 of the United States Code does not apply. (Matter of Kohlman v. Alexander, supra.) What we are concerned with is interpretation of section 6323 of the Internal Revenue Code. As appears from Senate Report No. 1622 (June 18,1954, p. 575, 83rd Cong., 2d Sess.), the Senate struck out of the section which became section 6323 of the Internal Revenue Code, a provision that would have given priority to the Federal lien if “no lien with respect to the property involved has been perfected under ” the judgment creditor’s judgment. The report states that the committee preferred to ‘1 continue to rely upon judicial interpretation.” The regulation, if construed to use the word “ perfected ” in a sense broader than given it by judicial interpretation, would, therefore, be invalid (see Reeve, The Relative Priority of Government and Private Liens, 29 Rocky Mt. L. Rev. 167, 184). In any event in Revenue Ruling No. 54-125 (1954, 1 Cum. Bull. 282) the same department that prepared the regulation in question ruled, and to date has not withdrawn its ruling, that: “ In the State of New York a judgment creditor acquires a lien against funds of the judgment debtor in the hands of a third party upon a service of a subpoena and restraining order in supplementary proceedings under the New York Civil Practice Act. In re: Airmont Knitting & Undergarment Co., Inc., 182 Fed. (2d) 740.” The Airmont case relied in part on Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp. (292 N. Y. 139) which was decided after the Shenk Realty case (178 Misc. 857, supra) and which held that upon service of a third-party subpoena, the judgment creditor acquires a lien. Thus, the departmental interpretation is that the word ‘1 perfected ’ ’ in the regulation is satisfied by service of a third-party subpoena *550 containing a restraining provision and that execution is not required. This interpretation is not Contrary to United States v. Gilbert Associates (345 U. S. 361, 366, supra). That portion of that decision holding that ‘ ‘ specificity ’ ’ of lien requires “ reducing the property to possession” was concerned with section 191 of title 31 of the United States Code, it having first been held that the creditor involved was not a judgment creditor. In the judgment creditor situation, a lien is “ perfected ” when “ there is nothing more to be done to have a choate lien —when the identity of the lienor, the property subject to the lien, and the amount of the lien are established ” (United States v. New Britain, 347 U. S. 81, 84) and such a perfected lien takes priority if it is prior in time, ibid. (Kennedy, The Relative Priority of the Federal Government, 63 Yale L. Rev. 905, 929; Plumb, Federal Tax Collection and Lien Problems, 13 Tax L. Rev. 459, 502.) It follows that the judgment creditor is entitled to the turnover order it seeks. Settle order on. notice.